## W. L. MOODY COTTON CO. et al. v. COMMISSIONERS' COURT OF MONTAGUE COUNTY et al.

### No. 15474.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 18, 1953.

Benson and Benson, of Bowie, and Stine and Stine, of Henrietta, for appellants.

John Ben Shepperd, Atty. Gen., and Milton Richardson, Asst. Atty. Gen., both of Austin, Earl L. Coleman and Royce Whitten, of Denton, and Boyd Barjenbruch, of Montague, for appellees.

RENFRO, Justice.

The appellants, W. L. Moody Cotton Company and another, have appealed from an order of the District Court of Montague County, refusing to enjoin the Commissioners' Court of said County from proceeding with a condemnation suit theretofore filed in the County Court condemning certain land belonging to appellants. The injunction suit also sought to enjoin certain employees of the State Highway Commission from entering upon the land in dispute.

At the time of the hearing on the injunction suit in the District Court, it was "stipulated by and between the parties to this suit that there is now and has been for sometime Farm-to-Market Road No. 455 extending from the town of Montague, the county seat of Montague County, to the town of Forestburg, which Farm-to-Market Road is now and for sometime has been a paved road, and is under the control of the

State Highway Commission, and that the proposed road, including the land sought to be condemned in the proceedings now before the Court, is an extension of said Farm-to-Market Road No. 455 and is a part of said road and has been in due form of law classified and designated by the State Highway Commission as a Farm-to-Market Road, and that same is not a designated State Highway, but is, as aforesaid, a designated and classified Farm-to-Market Road.

"It is further stipulated that all orders and proceedings of any and all governing bodies have been in due form of law passed and entered looking to and creating this as a Farm-to-Market Road, but there is no stipulation between the parties as to the validity of the condemnation proceedings which have been brought in order to subject the property in question to a Farm-to-Market Road or to create a Farm-to-Market Road across the land in question."

In view of the stipulations, the controlling question to be determined by this Court is whether or not under existing statutes the Commissioners' Court is authorized to condemn land in the name of the State for right of way for farm-to-market roads.

The appellants argue that under Articles 6663, 6673–c, 6674a, 6674b, 6674d, 6674d–1, 6674e, 6674n and 6674n–1, and 7083a, § 2 subsection (4–b), Vernon's Ann.Civ.St., and Article 827a, sec. 5½, Vernon's Penal Code, it is obvious that the State Highway Commission has jurisdiction over farm-to-market roads and that the Commissioners' Court does not have jurisdiction. It is their further contention that Article 6674n expressly grants to the Commissioners' Court the right to condemn certain lands "on behalf of the State of Texas" for designated State Highways and that a farm-to-market road is not a designated State Highway.

We cannot agree with appellants' construction of the statutes.

Article 6673–c authorizes the State Highway Department to designate any county road in the State as a farm-to-market road for purposes of construction, reconstruction and maintenance. As shown in the stipula-

tion, the road in question has been designated by the State Highway Commission as a Farm-to-Market Road.

Article 6674a defines "highway" as any public road or thoroughfare or section thereof and any bridge, culvert or other necessary structure appertaining thereto. The term "improvement" includes construction, reconstruction or maintenance or partial construction, reconstruction or maintenance and the making of all necessary plans and surveys preliminary thereto.

Article 6674b provides that all highways included in the plan providing a system of State highways as prepared by the State Highway Engineer in accordance with Section 11 of Chapter 190 of the General Laws of the Regular Session of the 35th Legislature, Vernon's Ann.Civ.St. art. 6670, are designated as the "State Highway System."

In connection with the foregoing provisions, the appellees contend that the Commissioners' Court is empowered, under Article 6674n, to condemn land in the name of the State for right of way for farm-to-market roads.

Prior to the 1933 amendment to Article 6674n, said article provided in part that " * * * whenever in the judgment of said commission (Highway Commission) it is necessary or expedient to construct or reconstruct any such road over a new or wider right of way, the State Highway Commission shall have the right to use any such materials most convenient to such roads and to acquire such land or lands for the public use and benefit as may be necessary for the new or wider right of way. * * * " Any Commissioners' Court was authorized under the statute to secure by purchase or by condemnation on behalf of the State Highway Commission such new or wider right of way.

The pertinent portions of Article 6674n now in force provide: "Whenever, in the judgment of the State Highway Commission, the use or acquisition of any land for road, right of way purposes, timber, earth, stone, gravel or other material, necessary or convenient to any road to be constructed,

reconstructed, maintained, widened, straightened or lengthened, *or* (emphasis ours) land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway by the State Highway Commission, the same may be acquired by purchase or condemnation by the County Commissioners Court. * * * Any Commissioners Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas, any new or wider right of way *or* (emphasis ours) land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway, or land or lands for material or borrow pits, to be used in the construction, reconstruction, or maintenance of State Highways * * *."

Thus, it is seen that Article 6674n as amended carries forward the provisions of the old Act with the additional provision that Commissioners' Courts could condemn one hundred feet for stream bed diversion for designated State Highways. Under our view, the statute as amended takes nothing from the statute as it existed before the amendment but merely places an additional authority in the Commissioners' Court.

The article as it now stands gives Commissioners' Courts authority to acquire by purchase or condemnation land for right of way purposes necessary or convenient to any road in the State Highway System to be constructed, reconstructed, widened, straightened or lengthened. The record shows that Farm-to-Market Road No. 455 is to be constructed, straightened, reconstructed, etc.

We are of the opinion and so hold that the article as amended does not repeal the provision authorizing the Commissioners'

Court to condemn in the name of the State for new or wider right of way but retains said provision and gives the Commissioners' Court additional authority to condemn for stream bed diversion for designated State Highways.

It is therefore our holding that the Commissioners' Court of Montague County has authority under Article 6674n to condemn land in the name of the State for right of way purposes necessary or convenient to any road in the State Highway System to be constructed, reconstructed, widened, straightened or lengthened and that Farm-to-Market Road No. 455 is such a road.

In Gill v. Falls County, Tex.Civ.App., 243 S.W.2d 277, 280, the Commissioners' Court of Falls County brought condemnation proceedings in the name of the State to condemn land for a right of way for a farm-to-market road, just as in the instant case. The authority of the State to condemn for farm-to-market road purposes was upheld as against the contention the "same is not a part of the Texas Highway System, or of an established State Highway" and because the same was to be used as a farm-to-market road. Since the appellant in that case did not directly challenge the authority of the Commissioners' Court to act for the State, we do not hold the case as authority for our holding in the instant case but do find the same to be persuasive.

We also find support for our holding in Angier v. Balser, Tex.Civ.App., 48 S.W.2d 668, error refused, and Lone Star Gas Company v. Birdwell, Tex.Civ.App., 74 S.W.2d 294.

The judgment of the trial court denying the injunction is affirmed.