The STATE of Texas, Appellant,

v.

Jack MEYERS et al., Appellees.

No. 3368.

Court of Civil Appeals of Texas.

Waco.

May 31, 1956.

After Filing of Remittitur June 14, 1956.

Rehearing Denied July 12, 1956.

Hubert W. Green, Jr., Crim. Dist. Atty., Bexar County, L. J. Gittinger, Arthur L.

Luethcke, Asst. Crim. Dist. Attys., San Antonio, for appellant.

Carl Wright Johnson, Nat L. Hardy, Robert Sawtelle, John W. Goode, Jr., San Antonio, for appellees.

McDONALD, Chief Justice.

This is a condemnation case. Parties will be referred to as in the Trial Court. Plaintiff, State of Texas, acting through the Commissioners Court of Bexar County, filed a condemnation action against defendants Jack Meyers and wife as owners, to condemn three parcels of land, one fronting on U. S. Highway 81 called Parcel *A*, and two parcels fronting on State Highway 218, known as Parcels *B* and *C*. Defendants' home and other improvements were situated on Parcel *B* and their place of business known as "Jack Meyers' Steak House" was located on Parcel *C*. The area of Parcel *A* condemned was *0.993 acres*; of Parcel *B* condemned was *1.080 acres*, and Parcel *C* condemned was *3.102 acres*. The area of Parcel *A* remaining after taking the strip was *3.915 acres*; the area of Parcel *B* remaining after taking the strip was *3.95 acres*, and the area of Parcel *C* remaining after taking the strip was *10.748 acres*.

SCHEMATIC DIAGRAM

The record reflects that prior to the taking, defendants' place of business, "Jack's Steak House" located on Parcel C on Highway 218,, was in clear view of and accessible to passing traffic; and that after the taking of defendants' property the roadway was so graded and access roads so constructed and, traffic so directed that defendants' property was not in as clear view to passing traffic as before, nor could it be reached from the main highway except by turning off onto the access road some distance from the property and coming back to same on the access road. The overall effect of the taking of defendants' property and the use to which it was put after the taking was that access to defendants' property was rendered difficult and inconvenient and as a result defendants' business was put out of operation.

The award of the Special Commissioners was $12,908. Such award was deposited in the registry of the court by plaintiff, which took possession of the property. Defendants filed objections to the award; admitted plaintiff's cause of action; which left only the issues of value and damages to be determined.

Trial was before a jury, which returned a verdict in favor of defendants for $42,144. Judgment was entered for defendants for such sum, with interest on the sum of $29,235.50 (difference in award of Commissioners and verdict of jury) from 26 February 1954, said judgment further providing that the plaintiff pay said sum into the registry of the court.

Plaintiff filed motion for new trial, which was by the court overruled, whereupon plaintiff appeals, contending: 1) The Trial Court had no jurisdiction to render judgment because defendants did not introduce the award of the Special Commissioners to show jurisdiction. 2) The Trial Court erred in rendering judgment against plaintiff, the State of Texas, acting through the Commissioners Court of Bexar County, and that such judgment so rendered is void. 3) The Trial Court erred in rendering judg-

ment that plaintiff deposit the sum of $29,235.50 in the registry of the court, and that such judgment is void. 4) The Trial Court erred in permitting the witness Ferrell to testify that he received less rentals after the establishment of a frontage road, and that such testimony materially affected the jury's verdict. 5). The Trial Court erred in admitting certain photographs into evidence. 6) The Trial Court erred in not giving plaintiff an affirmative charge instructing the jury as to specific elements of damage it could not consider. 7) There is no evidence to sustain the finding of the jury in answer to Special Issue 5. 8) The evidence does not support the verdict. 9) There is no evidence to sustain the findings of the jury to Special Issues 5 and 6; and the jury assessed *double* damages in answer to Issues 4 and 5. 10) The jury were guilty of such misconduct as to require a reversal. 11) The verdict of the jury is excessive.

Plaintiff's first point contends that the Trial Court had no jurisdiction to render judgment because defendants did not introduce or show to the Trial Court the award of the Special Commissioners in Condemnation in order to show jurisdiction.

The transcript reflects that the award of the Special Commissioners was filed with the County Judge on 18 February 1954, the same day that it was rendered and returned by the Commissioners; and that it was filed with the County Clerk on 19 February 1954; that objections were filed to the award by defendants with the County Judge and also with the County Clerk on 25 February 1954. Further, defendants filed with the County Clerk on 26 May 1955 an original answer which admitted the plaintiff's right to take the land in question, and *"conceded the sole remaining issue of fact in this cause is the amount of damages which should be awarded to defendants."*

■ Article 3266 R.C.S., Vernon's Ann. Civ.St., prescribes the procedure for perfecting an appeal from an award of Special

Commissioners in a condemnation proceeding to be the filing with the County Judge of an objection to the award within 10 days after the Commissioners' award. Defendants in the case at bar complied with Article 3266 R.C.S. and in addition filed an answer admitting the plaintiff's cause of action and asserting that the *sole remaining issue of fact* in the cause was the amount of damages. The filing of the foregoing by defendants gave the Trial Court jurisdiction. But for the admissions filed by defendants the burden of establishing all jurisdictional prerequisites would have been on plaintiff. Jurisdiction of the Trial Court was invoked by defendants' filing of objections pursuant to law and in view of defendants' admissions no further action was required by either party to prove such jurisdiction. See: Kennedy v. City of Dallas, Tex.Civ.App., 201 S.W.2d 840; Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719.

■ Plaintiff's second point contends that the Trial Court erred in rendering judgment against the State of Texas, acting through the Commissioners Court of Bexar County, Texas, and that such judgment so rendered is void.

Judgment herein was rendered just exactly like the plaintiff came into court in its pleadings. Plaintiff sued to condemn the land as "the State of Texas, acting by and through the Commissioners Court of Bexar County, Texas." Judgment was rendered in favor of plaintiff "State of Texas" for title to the land condemned, and against plaintiff as plaintiff came into court for compensation for the land taken. The Commissioners Court has the legal right to act for and in behalf of the State of Texas. Art. 6674n, R.C.S.; W. L. Moody Cotton Co. v. Commissioners' Court, Tex.Civ.App., 261 S.W.2d 204; Angier v. Balser, Tex.Civ. App., 48 S.W.2d 668, er. ref; Lone Star Gas Co. v. Birdwell, Tex.Civ.App., 74 S.W. 2d 294. Plaintiff herein takes the inconsistent position of saying that judgment can be

rendered in favor of the only party plaintiff to the cause but not against the sole party plaintiff. The objection is hypertechnical and relates only to the payment of the final judgment after appeal, rather than to the validity of such judgment.

■ Plaintiff's third point is levelled at the requirement in the Trial Court's judgment that the $29,235.50 (difference in the amount of the judgment and the amount of the award of the Special Commissioners which had already been paid into the registry of the court) *be paid into the registry of the court*. It is our view that the judgment that the amount be paid into the registry of the court, if error, relates solely to mechanics of payment of the judgment and cannot have any bearing upon the validity of the judgment itself. The defect, if error, is formal and may be ignored without harm to either party.

Plaintiff's fourth point is levelled at the action of the Trial Court in permitting the witness Ferrell to testify that he received a lesser sum for rentals of his property after the establishment of the frontage road in question.

■■ Ferrell runs a tourist court near defendants' property on Highway 81 at Pat Booker Road. Prior to the construction of the freeway which figures in this case Ferrell's property fronted on Highway 81. He had free access to the highway and the highway had free access to his property. Ferrell's right of access has been condemned as has defendants' herein. Plaintiff complains that the Trial Court erred in permitting Ferrell to testify that he gets less rent for his property after he had lost access to the freeway. Ferrell's testimony showed the effect of loss of access to the value of the property and was admissible as such. Defendants were entitled to compensation for the value of the property taken as well as for damage to the remaining property. See State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. Further, defend-

ants were entitled to show loss of profits from their business if they could. See: City of La Grange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243; Forest Lawn Lot Owners Ass'n v. State, Tex.Civ.App., 248 S.W.2d 793; City of Fort Worth v. Estes, Tex.Civ. App., 279 S.W.2d 687; Magee v. Oklahoma City & T. R. Co., Tex.Civ.App., 95 S.W.2d 1092; Housing Authority v. Shambry, Tex. Civ.App., 252 S.W.2d 963.

Plaintiff's fifth point is levelled at the action of the Trial Court in admitting into evidence photographs of defendants' property which were made subsequent to the taking of the property and at a time at which plaintiff contends the condition of the property had substantially changed.

■ The complained of photographs were authenticated by the witness Rotholz, who testified that the exhibits were pictures of Parcel C and that they were true and correct pictures of the property. Plaintiff complains that the pictures were made after some of the property had been taken by the construction of the road. It is our view that defendants were entitled to offer the photographs for the very purposes of which plaintiff is complaining. Plaintiff has condemned defendants' right of access to the main roadway; such right has a value for which defendants must be compensated. Photographic evidence is admissible to show the nature and extent of the damage to the remainder of the property by reason of the fact that such rights have been taken away. To prohibit photographic evidence competent to show the loss of such valuable property rights would be to deprive defendants of their property without due process of law. We think the photographs were admissible.

■ Plaintiff in its sixth point complains of the Trial Court's charge and contends that the jury *should have been affirmatively instructed not to take into consideration the decrease in value of defendants' remaining*

*tract while the highway was in process of construction.* The proper method of submission of condemnation cases is set forth by our Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. The complained of portion of the court's charge in the instant case is:

"In answering Question No. 3 (as in 6 and 9) above, you will exclude increase in value, if any, and decrease in value, if any, by reason of the benefits or injuries received by defendants in common with the community generally, and not peculiar to them, and connected with their ownership, use and enjoyment of the particular tract of land from which the strip of land has been condemned * * *"

It is our view that the charge of the Trial Court is not subject to the criticism made of it by plaintiff; and further, that such charge follows the charge approved in the Carpenter case, supra, for which reason the submission is proper.

Plaintiff, in its seventh, eighth and ninth points, contends that there is no evidence to sustain the verdict of the jury in the answers to Issues 5 and 6, and that the jury assessed double damages in answer to Special Issues 4 and 5.

■ We have carefully reviewed the record and conclude that there is ample evidence to sustain the verdict of the jury in the answers to Issues 5 and 6. Without detailing such evidence, we think that such is sustained by the testimony of the witness Rotholz. Plaintiff's position that the jury assessed double damages in answer to Issues 4 and 5 is likewise without merit. The Trial Court heard and passed on the testimony and affidavits of the jurors, and made no findings of fact with respect thereto. Therefore it must be conclusively presumed that the Trial Court, in overruling the motion for new trial, found against plaintiff with respect to the testimony of

such jurors and such finding is conclusive.

 Plaintiff's tenth contention complains of jury misconduct in that: 1) the jurors agreed to be bound by a majority vote; 2) certain jurors stated the value of their own property during jury deliberation; and 3) juror Kresko stated to the other jurors that he was in the same business as defendants and that he *knew* the value of defendants' steakhouse property. The record here reveals that there is a conflict of testimony and evidence offered on the motion for new trial hearing as to the occurrence of each of the three acts alleged to constitute misconduct. Whether such alleged acts actually occurred is a question of fact, and when the Trial Court overruled the motion for new trial these questions were resolved against plaintiff and such are binding on appeal. 3B Tex.Jur. 471.

 Plaintiff's eleventh contention is that the award and judgment of $42,144 is excessive. We are in accord that the award and judgment are excessive and believe that the verdict and judgment of the Trial Court are excessive in the sum of $5,000, and that this cause should be reversed for that reason only. However, defendant is given ten days from this date in which to file a remittitur of $5,000. Rule 440 T.R.C.P.; Caswell v. Satterwhite, Tex.Civ.App., 277 S.W.2d 237. If such remittitur is filed within the time indicated, the judgment of the Trial Court will be reformed and affirmed.

Reversed and remanded.

### After Filing of Remittitur

Appellees having filed a remittitur in the amount of $5,000, as suggested by the former opinion of this court, the judgment of the Trial Court is reformed in conformity with said remittitur, and as reformed is affirmed. All costs of appeal to date of remittitur are assessed against appellees.

Reformed and affirmed.