**L. T. BOLIN, Appellant,**

v.

**BRAZORIA COUNTY et al., Appellees.**

**No. 14474.**

Court of Civil Appeals of Texas.

Houston.

July 16, 1964.

Powell, Brown & Maverick, William A. Brown, Houston, for appellant.

Tom Kenyon, Crim. Dist. Atty., Ogden Bass, Asst. Crim. Dist. Atty., Angleton, for appellees.

BELL, Chief Justice.

This is an appeal from a judgment refusing to grant a temporary injunction.

Appellant sued the members of the Commissioners Court in their official capacities seeking to enjoin them from taking any further steps, under an order of the court dated March 23, 1964, to open a road across appellant's property and to enjoin taking of possession of his land.

It appears that for several years a highway facility from Highway 288 at a point about six miles south of Angleton to Hitchcock had been under consideration. Members of the Commissioners Court had been in negotiations with the Texas Highway Commission concerning the construction of the facility. On May 30, 1961, the Highway Commission passed an order reciting that the facility had been under consideration for some time and that an open hearing on the routing had been held. The order then directed the State Highway Engineer to transmit to Brazoria County two proposals. The proposal made by the Highway Commission and accepted by Brazoria County stated that the Highway Department would construct by stages a facility estimated to cost $3,475,000.00 extending from State Highway 288 at a point approximately six miles south of Angleton at the intersection with a county road under construction, thence by designated geographical locations to the end of Farm-to-Market Road 646 at the Galveston County line. The distance was 23.6 miles. No specific description of right of way was given. The proposal was conditioned on right of way being furnished free of cost to the State. It was then provided that when the proposal should be accepted by Brazoria County "it is ordered that a Farm to Market Road be designated along said route and the State Highway Engineer is directed to proceed with engineering surveys, the preparation of plans and right of way deed and to turn over such right of way deeds to the County officials for the procurement of right of way." It was then provided that when all right of way had been procured the Highway Engineer should bring the project back to the Commission for consideration of financing construction by increments as funds should become available.

On September 30, 1961 the Commission passed an order reciting the acceptance of the proposal by Brazoria County. It then specifically directed the State Highway Engineer to proceed with engineering surveys, the preparation of right of way deeds for Brazoria County to use in procuring right of way. The State Highway Engineer was directed, after the right of way should be procured, to proceed in the most feasible and economical manner with construction annd grading and structures from State Highway 288 to a point east of Chocolate Bayou a distance of 16.5 miles at an estimated cost of $1,500,000.00.

Apparently between the date of this order and the early part of 1964, when the State Highway Commission let a contract to construct a road, the State Highway Engineer was busy doing as he was directed. The exact date of the contract is not shown. It was stipulated, however, that the contract had been executed.

The deeds giving the description of the right of way to be acquired were furnished by the employees of the Highway Department. The deeds call for a right of way 300 feet wide except where a bridge was to be built and at this point it was 350 feet wide.

In December, 1963, freeholders residing in Precinct No. 1 of Brazoria County petitioned the Commissioners Court to open a new road. It is at the same location as the field notes furnished by the Highway Commission. After requisite notice an order was passed calling for the appointment of a jury of view. The jury of view made its report which was accepted by the Com-

missioners Court by an order dated March 23, 1964. The order classified the road as Farm to Market Road 1561 and provided so much of it as lay within Precinct One should be a part of said Precinct and that the Overseer of Roads should cause said road to be opened in conjunction with the Texas Highway Department. The right of way sought to be acquired in this manner across appellant's land was 300 feet, except for 350 feet at the bayou. This was the manner in which Brazoria County was acquiring the right of way for the facility referred to in the above mentioned orders of the Highway Commission. Procedure was under Articles 6702–6710, Vernon's Ann. Tex.St.

When appellant filed his suit the Commissioners Court passed an order authorizing the Criminal District Attorney to answer the suit and to file a cross-action against plaintiff "to acquire rights-of-way upon, over and across the property of plaintiff to be used for Farm to Market Road 1561." Pursuant to such authority such cross-action was filed under the terms of Article 3269, V.A.T.S., seeking to condemn the same right of way described by the jury of view. The right of way description is the same as furnished by the State Highway Engineer. The cross-action was in the name of Brazoria County and the State of Texas.

The position of appellant is as follows:

1. This is a county road and the county under the jury of view may not acquire a right of way exceeding 100 feet. Art. 6704, V.A.T.S. Therefore, the proceeding seeking more than 100 feet is void.

2. This is a county road and Brazoria County may not condemn land for road purposes other than by jury of view statutes.

3. The jury of view proceedings are void because the jury of view did not lay out the road but were of the opinion it must accept the road as laid out by employees of the Highway Department.

4. There may not be a proceeding under the statutes on eminent domain, Articles 3264–3271, because this road is not a state highway because it has not been so designated by the State Highway Commission.

5. Even if it has been sufficiently designated there is no authority from the Commission or the Commissioners Court to condemn by this cross-action, because neither body has determined the land was "necessary and suitable" for the road.

We will now notice testimony given on the hearing in addition to the documentary evidence which we have already noticed. The only witness was Brazoria County Engineer, Mr. Hershey. He had before him the plans for the road prepared by the Highway Department through its employees. These plans showed a right of way of 300 feet except at the bayou where it was 350 feet. The road for which the contract was let would be located 40 feet from the center line of the right of way. Including drainage facilities it would occupy 100 feet of right of way except at the bayou where the bridge and necessary abutments would take 128 feet. The paved surface would be 24 feet. On the overall 300 foot right of way there would be sufficient space for another road of the dimensions of that being constructed to be built.

The Highway Department furnished him with the construction plans, a set of drafts, a right of way map and the field notes for the right of way to be acquired. These field notes include the land involved here. The witness received transmittal from an employee of the Highway Department. He had no knowledge concerning action by the Commission or whether there had been determination by the Commission of the necessity to take this right of way except the project had been thoroughly discussed by the Highway Department and Commissioners Court.

■ This being an appeal from the judgment of the trial court refusing a temporary injunction, we need only determine

whether the trial court abused its discretion. Unless he abused his discretion we cannot disturb his judgment. Norwood v. Taylor County, Tex.Civ.App., 93 S.W.2d 573, error dism.

■ We need not pass on the validity of the proceedings under Articles 6704–6710, because of the cross-action filed by the County and State. We think the trial court was justified in impliedly holding that Farm to Market Road 1561 was not a County road but a part of the State Highway system that had been sufficiently so designated by the Highway Commission and that the County, therefore, under Article 6674n had authority to condemn the land under Articles 3264–3271. We know of no particular form of order required before it will be held to have effectively designated the road as a part of the State Highway system. The order of the Highway Commission of May 30, 1961, above referred to, provides that when the proposal has been accepted by Brazoria County it is ordered that a Farm to Market Road be designated along said route. It was a road, except for the right of way, to be constructed under contract by the State at its expense. Thereafter the evidence shows the proposal was accepted by Brazoria County and the road is being constructed on a part of the right of way under contract let by the Highway Commission. This designation of a Farm to Market Road suffices to make it a part of the Highway system. Too, this contract was let based on plans prepared by the employees of the Highway Department in compliance with directions of the Highway Commission. W. L. Moody Cotton Co. v. Commissioners Court, Tex.Civ.App., 261 S.W.2d 204, no writ hist.; Article 6673c, V.A.T.S.

■ Appellant concedes that if the road is a part of the State Highway system the County has authority to condemn the right of way under Articles 3264–3271, provided there has been the requisite determination by the Highway Commission that the right of way sought is necessary and suitable for the road. He says, however, there has been no such determination. He is correct in the sense that no order of the Commission appears where it has been expressly so determined. When all facts are considered the trial court could well conclude that what was done by the Commission and the Commissioners Court was necessarily a determination of necessity and suitability. The orders above referred to directed the State Engineer to prepare engineering surveys and the right of way deeds. While at the date of the orders the precise location of the right of way was probably not known, the width was probably known because an estimate of the cost of the project was made. The Commission must have had before it the dimensions of the right of way to be occupied by the road before it could estimate the cost of the road it was to construct. This estimate did not of course include the right of way which was to be paid for by the County. Too, after the plans were drawn and the right of way deeds prepared and the plans showed the location of the right of way, the Highway Commission let a contract to build the road on part of the right of way. It seems to us the trial court could well conclude this was necessarily a determination that the appellant's land was necessary and suitable for the road.

■ Even if we be in error in the above conclusion, still we think the judgment of the trial court must be affirmed. There is no showing that the Highway Commission had passed no other orders and in a temporary injunction proceeding we think this burden was on appellant. We will not presume a State official did not perform its duty or acted illegally. The attorney for appellees did not stipulate there were no other orders. He was careful to say he did not know and would only stipulate the orders introduced were the only ones known to him at that time.

The judgment of the Trial Court is affirmed.