Ila Belle **MABERRY** et al., Appellants,

v.

**PEDERNALES ELECTRIC COOPERA-TIVE, INC.,** Appellee.

No. 12003.

Court of Civil Appeals of Texas, Austin.

March 28, 1973.

Rehearing Denied April 18, 1973.

Richard L. McElya and Sam Bass, Freeport, for appellants.

A. W. Moursund, Johnson City, for appellee.

O'QUINN, Justice.

Pedernales Electric Cooperative, Inc., the appellee, instituted proceedings in June of 1971 to condemn a right of way strip across the ranch lands of Ila Belle Maberry in the western part of Travis County on which to erect and maintain a line for the transmission of electric power.

Special commissioners appointed by the county judge assessed damages in the sum of $1,860, and the landowner filed her objections to the award. Trial was held in May of 1972 in County Court at Law No. 2 of Travis County. Upon the verdict of a jury, the trial court entered judgment awarding damages in the amount of $1,340. On motion of the landowner, the trial court granted a new trial on August 1, 1972, and ten days later, on motion of Pedernales Electric, the court vacated its order granting a new trial. Appellant Maberry's motion for new trial was overruled by operation of law, and this appeal was timely perfected.

Appellant landowner brings ten points of error. We consider first the points numbered 5, 6, and 7, for the reason that these points are directed to the question of jurisdiction of the trial court.

The record shows that if the governing body of Pedernales Electric adopted a resolution, or took other appropriate action, finding that the taking of appellant's property was for the convenience and necessity of the public, no proof of such action was made in the trial court.

Appellant objected to the want of such proof before the special commissioners and thereafter at three stages of the proceedings in the trial court. Appellant preserved the point in her motion for new trial.

■ We will sustain appellant's jurisdiction points and remand this proceeding for retrial consistent with this opinion.

■ The right of eminent domain, which is the power of the state to appro-

priate private property for the benefit of the public, is an attribute of government and inherent in the state. The power of eminent domain may be conferred by the state on political subdivisions and on certain corporations in such manner and to such extent as the Legislature may determine. Byrd Irrigation Company v. Smythe, 146 S.W. 1064, 1065 (Tex.Civ.App., San Antonio 1912, no writ); Richardson v. Cameron County, 275 S.W.2d 709, 711 (Tex.Civ.App., San Antonio 1955, no writ).

Pedernales Electric Cooperative, Inc., was organized pursuant to the Texas Electric Cooperative Corporation Act. (Art. 1528b, Vernon's Ann.Civ.St.; Acts 1937, 45th Leg., p. 161, ch. 86). Such corporations have power "To have and exercise the power of eminent domain for the purpose and in the manner provided by the condemnation laws of this State for acquiring private property for public use, such right to be paramount except as to property of the State, or any political subdivision thereof . . ." (Sec. 4(11) of Art. 1528b).

Corporations created pursuant to Article 1528b ". . . are authorized to engage in rural electrification by any one or more of . . ." seven methods stated in the Act (Sec. 3(7)). Management of the "business and affairs of a corporation" is assigned by the statute to ". . . a Board of Directors, not less than three (3) in number, which shall exercise all the powers of the corporation except such as are conferred upon the members [of the cooperative] by this Act, by the articles of incorporation or by the by-laws . . ." (Sec. 18).

■ The record does not disclose that appellant admitted, or that the parties stipulated, that there existed a necessity for taking of appellant's property by Pedernales Electric, or that the condemnor had taken all steps required to effect a lawful taking. Appellant has not accepted the award of the commissioners or the money deposited by Pedernales Electric pursuant to the award or in conformity with the judgment of the court. Appellant therefore has not waived her right to challenge jurisdiction of the court and has not consented to the taking. State v. Jackson, 388 S.W.2d 924 (Tex.Sup.1965).

The rule we conclude is applicable to the facts of this case is stated by Rayburn and is supported by decisions of Texas courts. Rayburn states:

"In those situations, where the condemnor as plaintiff, has not been able to obtain from the condemnee any admission or agreement of any kind whatever, that the condemnor has the right under the law to condemn, and that all necessary steps have been taken in the manner, and at the time required by law, *then the condemnor must be prepared to introduce for the purpose of showing jurisdiction in the* county court, or *county court at law:*

\* \* \* \* \* \*

"(2) *Resolution* of City Council, *orders or minutes of* State Highway Commission —Commissioners Courts, or *Boards of Directors."* (Emphasis added) Texas Law of Condemnation, Madison Rayburn, Sec. 84.

This Court, in a case presenting the issue of jurisdiction, applied the rule in Horton v. County of Mills, 468 S.W.2d 876, 878 (Tex.Civ.App., Austin 1971, no writ), where the orders, resolutions, or minutes of the county commissioners' court were not introduced to show that the public convenience and necessity for the taking had been declared by the condemning authority.

■ The exercise by a corporation of the powers of eminent domain conferred on it by the state is special in character, and there must be a showing of strict compliance with the law authorizing the taking of private property for public use. City of Houston v. Kunze, 153 Tex. 42, 262 S.W.2d 947 (1953). In order to show jurisdiction of the court to try a condemnation case, evidence of the several steps required to be taken, including the resolution or other ac-

tion by the condemnor declaring a necessity for the taking, must be introduced into evidence. Estate of Crim v. State, 371 S. W.2d 574, 575 (Tex.Civ.App., Amarillo 1963, no writ); Vey v. City of Fort Worth, 81 S.W.2d 228, 230 (Tex.Civ.App., Fort Worth 1935, writ dism.); Parks v. City of Waco, 274 S.W. 1006, 1008 (Tex. Civ.App., Waco 1925, no writ).

 It is settled that a determination by the condemnor of the necessity for acquiring certain property is generally conclusive in the absence of fraud or a showing that the condemning authority lacked authority from the state, and it is not a subject of judicial determination. Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79 (1940); Joyce v. Texas Power and Light, 298 S.W. 627 (Tex.Civ.App., El Paso 1927, no writ); Schooler v. State, 175 S.W.2d 664, 669 (Tex.Civ.App., El Paso 1943, writ ref. w. o. m.). See also City of Wichita Falls v. Thompson, 431 S.W.2d 909, 910 (Tex.Civ. App., Fort Worth 1968, writ ref. n. r. e.).

But this rule does not relieve the condemnor of the burden to show that a determination of convenience and necessity to serve the public has been made by the governing body, the board of directors, or other authority having power to speak and act for the condemnor. See Tuttle v. State, 381 S.W.2d 330, 333 (Tex.Civ.App., Texarkana 1964, writ ref. n. r. e.); Denton County v. Brammer, 350 S.W.2d 888, 890 (Tex.Civ.App., Fort Worth 1961, modified 361 S.W.2d 198); Fort Worth & D. N. Ry. Co. v. Johnson, 125 Tex. 634, 84 S.W. 2d 232 (1935).

■ Proof that the governing board of the condemnor has by affirmative action made a determination of necessity must be made in a hearing on the merits before the court, and proof before the special commissioners will not satisfy the requirement. See Texas Electric Service Company v. Faudree, 410 S.W.2d 477, 481 (Tex.Civ. App., El Paso 1966, writ ref. n. r. e.).

Since Pedernales Electric, as the condemning authority, failed to prove that the county court at law had jurisdiction of the condemnation proceedings by introducing evidence that the board of directors of the corporation had made a declaration of the convenience and necessity for public use of appellant's land, we reverse the judgment of the trial court. We remand the cause for retrial with instructions that the proceedings be conducted in conformity with this opinion.

The judgment is reversed and the cause remanded.

Reversed and remanded.

SHANNON, J., not sitting.