**David BEVLY, et ux, Appellant,**

v.

**TENNGASCO GAS GATHERING COMPANY, Appellee.**

**No. 1926.**

Court of Appeals of Texas, Corpus Christi.

June 24, 1982.

Rehearing Denied Aug. 26, 1982.

---

**3.** *Murphy v. Rowland,* 609 S.W.2d 292 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.).

M. W. Meredith, Frank Weathered, Meredith & Donnell, Corpus Christi, E. B. Grimes, Robstown, for appellant.

William Keys, Keys, Russell, Seaman & Mansker, Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is a condemnation case. Tenngasco Gas Gathering Company (Tenngasco), the appellee, instituted proceedings in August

of 1978 to condemn an easement upon Nueces County land owned by appellants, David and Alma Bevly (the Bevlys), for the purpose of establishing a pipeline for the transportation of gas. Special commissioners appointed by the court below awarded the Bevlys damages in the amount of $10,565.00. The Bevlys filed their objections and exceptions to the award. The case was tried in County Court at Law where a judgment was entered in conformity with a jury verdict awarding damages in the amount of $2,759.61. After the Bevlys' motion for new trial was overruled, they perfected this appeal.

The Bevlys bring a total of thirteen points of error. However, we need consider only the first, which questions the jurisdiction of the trial court.

The Bevlys object to the failure of Tenngasco to prove that its governing body adopted a resolution, or took some other equivalent action, determining that the taking of the Bevlys' property was necessary.

■ The rule applicable when such a complaint is timely made has been ably stated by Judge Rayburn in *Texas Law of Condemnation*. It has been strictly followed by Texas courts:

"In those situations, where the condemnor as plaintiff, has not been able to obtain from the condemnee any admission or agreement of any kind whatever, that the condemnor has the right under the law to condemn, and that all necessary steps have been taken in the manner, and at the time required by law, *then the condemnor must be prepared to introduce for the purpose of showing jurisdiction in the county court, or county court at law:*

\* \* \* \* \* \*

(2) *Resolution* of City Council, *orders or minutes* of State Highway Commission-Commissioners Courts, or *Boards of Directors.*" (Emphasis added)

M. Rayburn, Texas Law of Condemnation § 84 (1960); *Maberry v. Pedernales Electric Cooperative, Inc.,* 493 S.W.2d 268 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). *Vey v. City of Fort Worth,* 81 S.W.2d 228 (Tex.Civ.App.—Fort Worth 1935, writ dism'd).

The record discloses that the Bevlys challenged Tenngasco's right to take from the very beginning. They raised their objection to the lack of a resolution of necessity in their motion for dismissal at the jurisdictional hearing.

■ There is nothing in the record to indicate that the Bevlys admitted or stipulated that there existed a necessity for the taking of their property, or that Tenngasco had taken all the required steps for lawful taking. The Bevlys did not accept the commissioners' award or the money deposited by Tenngasco pursuant to the award or in conformity with the trial court's judgment. Therefore, the Bevlys have not waived their rights to challenge the jurisdiction and have not consented to the taking. See *State v. Jackson,* 388 S.W.2d 924 (Tex.1965); *Maberry v. Pedernales Electric Cooperative, Inc.,* supra.

Tenngasco contends that it was the Bevlys' burden to file a verified plea and prove the requisite of corporate resolution and the lack thereof. In support of this proposition, Tenngasco cites *Aue v. State,* 77 S.W.2d 606 (Tex.Civ.App.—San Antonio 1934, writ ref'd); and *Bolin v. Brazoria County,* 381 S.W.2d 206 (Tex.Civ.App.—Houston 1964, no writ).

■ *Aue* does not place the burden of proof on the landowner to show that the condemnor had, in fact, not determined the necessity of the taking. The initial burden is on the condemnor to show the right to take and compliance with the procedural steps involved. *Miers v. Housing Authority,* 153 Tex. 236, 266 S.W.2d 842 (1954); *Maberry v. Pedernales Electric Cooperative,* supra; *Vey v. City of Fort Worth,* 81 S.W.2d 228 (Tex.Civ.App.—Fort Worth 1935, writ dism'd); Rayburn, supra.

The *Aue* court did state that the defendant landowners should be required to challenge the authority of the condemnor by verified plea. (The court based its ruling on Tex. Rev. Civ. Stat. Ann. art. 2010, a predecessor of Rule 93, T.R.C.P.) This is not true now.

■ The procedure for a dissatisfied party in a condemnation case to bring the matter to trial is now covered by Art. 3266. All that is required is the timely filing of written objections, setting forth the grounds thereof. Tex. Rev. Civ. Stat. Ann. art. 3266 (Vernon 1968); see also Rayburn, supra, § 64(5)–(7) at 236–238.

■ The Bevlys' objections were sufficient to raise the issue of Tenngasco's right to take and require a showing that all necessary steps have been taken in the manner, and at the time required by law, including a resolution by Tenngasco's board delaying the necessity for the taking. Rayburn, supra, § 84.

In *Bolin,* the other case cited by appellees, the burden on the landowner is inapplicable to the case at bar. There, the landowners were appealing the trial court's refusal to grant a temporary injunction, a remedy which demands strict proof by the party seeking it. Also, in *Bolin,* the court stated it would not presume a State official did not perform its duty or acted illegally. 381 S.W.2d at 209. No such presumption applies in the instant case.

Tenngasco also argues that it need not show a corporate determination of necessity because the statute which grants it the power of eminent domain does not specifically limit the exercise of such power to cases of necessity. See Tex. Rev. Civ. Stat. Ann. arts. 1435, 1436 (Vernon 1980). We agree that this circumstance removes the issue of the fact of necessity of the taking from the case in the absence of affirmative allegations of fraud, bad faith or abuses of discretion. *Coastal Industrial Water Authority v. Celanese Corporation of America,* 592 S.W.2d 597 (Tex.1979); *Housing Authority v. Higginbotham,* 135 Tex. 158, 143 S.W.2d 79 (1940); *Joyce v. Texas Power & Light Co.,* 298 S.W. 627 (Tex.Civ.App.—El Paso 1927, no writ).

■ There is a distinction, however, between proof of the fact of necessity and proof that the controlling authority of the condemnor has by affirmative action determined the necessity for a taking. The legislative determination that a given exercise of eminent domain is for the public use creates a presumption in favor of the decision of the condemnor that the taking is necessary to accomplish the authorized purpose. In other words, in situations such as the case at bar, a determination by the condemnor of the necessity for acquiring certain property is conclusive in the absence of fraud, bad faith or abuse. *Housing Authority v. Higginbotham,* supra; *Maberry v. Pedernales Electric Cooperative, Inc.,* supra.

However, as was stated in *Maberry,*

"This rule does not relieve the condemnor of the burden to show that a determination of convenience and necessity to serve the public has been made by the governing body, the board of directors, or other authority having power to speak and act for the condemnor." 493 S.W.2d at 271. See also the authorities cited therein.

Finally, Tenngasco seeks to invoke the rule that a showing of formal resolution of necessity is unnecessary when proof is made of other equivalent affirmative acts. Citing *Houston Lighting and Power Company v. Fisher,* 559 S.W.2d 682 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Bolin v. Brazoria County,* supra; *Boucher v. Texas Turnpike Authority,* 317 S.W.2d 594 (Tex.Civ.App.—Texarkana 1958, no writ).

■ The evidence of affirmative acts of Tenngasco's governing body does not approach that relied upon by the condemnors in the cases cited above. There was introduced copies of contracts between Tenngasco and Corpus Christi Petrochemical Company. One provided for Tenngasco to buy from CCPC a "synthetic natural gas." The other provided for CCPC to purchase from Tenngasco's "general system supply." These documents do not indicate that an easement over the Bevlys' land was necessary to the agreements or that any determination as to the transport of the products involved was made.

There was testimony from a former employee of Channel Industries Gas Company, not a party to this action, that he had done right-of-way work for Tenngasco in connection with the project in question, including

negotiations with the landowners and surveying. However, no showing was made of any authorization by Tenngasco's governing body of such work. There is nothing in the record to indicate that such work could only have been done at the insistence of Tenngasco's board.

Tenngasco failed to show that its board of directors determined the necessity of the taking of the Bevlys' property by formal resolution or otherwise. The Bevlys' jurisdictional points are sustained. We remand the case to the trial court for proceedings to be conducted in conformity with this opinion.

REVERSED and REMANDED.