**Affirmed and Memorandum Opinion filed July 24, 2014.**



In the

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔔𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-13-00443-CV

**FARABI, INC., Appellant**

**V.**

**HARRIS COUNTY, TEXAS, Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 962,474**

## M E M O R A N D U M   O P I N I O N

This case arises out of the condemnation of appellant Farabi, Inc.'s property by appellee Harris County. Farabi appeals the trial court's grant of the County's motion for partial summary judgment. Farabi argues that the County failed to meet its burden to prove as a matter of law it was entitled to summary judgment because it did not establish that the condemnation of all of Farabi's property was necessary for a public use and Farabi raised a fact issue as to the arbitrary and capricious

nature of the County's action. Farabi also challenges the testimony of a County witness as conclusory and contradictory. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2001, the County nominated a pedestrian and bicycle trail project known as the South Mayde Creek Pedestrian & Bicycle Facility Project to receive federal funding under a Texas Department of Transportation program. The County's project was to extend and connect two pedestrian and bicycle trails, and included an alignment along the frontage of Farabi's property.

In June 2001, the County contacted Farabi in an attempt to negotiate a voluntary easement consisting of 0.1545 acres. In summer 2009, Harris County Right of Way began its voluntary acquisition of the subject tracts for the trail project. The Farabi easement was known as Tract 8E. Farabi rejected the County's written offer for acquisition of the easement. Because the federal funding requirements did not allow for land acquisition through eminent domain, the Farabi easement was removed from the TxDOT program. Instead, the County and TxDOT agreed the County would exercise eminent domain to acquire the Farabi easement and construct that portion of the trail.

Paul Hawkins, assistant manager of engineering for Harris County Precinct 3 and project manager for the County's trail project, called Darrell Toombs, administrative superintendent for Harris County Precinct 3 and manager of surveying and in-house construction design and park design within Precinct 3, to inform him that Harris County would need to acquire the Farabi easement through eminent domain. Hawkins and Toombs then discussed the idea that if the County was going to need to condemn the property anyway, it should acquire the entire Farabi property consisting of 0.5779 acres for a pocket park or trailhead.

2

Toombs spoke with Commissioner Steve Radack about the need to condemn the Farabi easement and suggested to him that the County acquire all the Farabi property, also for a pocket park or trailhead. The Commissioner agreed it was a good idea and instructed Toombs to "go ahead" and build a pocket park or trailhead on the entire Farabi property. In January 2010, both Hawkins and Toombs informed Tom Faulkner, acquisition manager for Harris County Right of Way, that the County should take the necessary steps to condemn the entire Farabi property. Faulkner asked Hawkins for a park or project name to reference when gaining the Commissioners Court's authority to purchase the entire Farabi property. Hawkins asked Faulkner whether it was possible to acquire the entire Farabi property with the same project name as the Farabi easement, and Faulkner responded that "he would do that."

On February 9, 2010, the Commissioners Court of Harris County entered a resolution and order approving the plans for the alignment and construction of the public project known as the South Mayde Creek Pedestrian & Bicycle Facility Project and declaring that a public necessity existed for the South Mayde Creek Pedestrian & Bicycle Facility Project. In the resolution and order, the South Mayde Creek Pedestrian & Bicycle Facility Project was identified with identification number HC-3273, which was the same number referenced by the County during its negotiation attempts with Farabi for the Farabi easement. The property to be condemned was described as Tract 8E and included the entire Farabi property.

In May 2010, the County filed a statutory condemnation case. A statutory damages hearing was held, and the court-appointed special commissioners awarded Farabi approximately $88,113 in damages. Farabi filed an objection to the award and a plea to the jurisdiction challenging the County's right to take

3

Farabi's whole property on the grounds that the Commissioners Court failed to determine a public necessity for the taking, and acted arbitrarily and capriciously in determining a public necessity for the taking of the entire property.

In June 2011, the County moved for partial traditional summary judgment with regard to its "right to take" and attached various exhibits. Farabi filed a response with various exhibits. The County filed a supplemental motion for summary judgment with additional exhibits. Farabi filed a supplemental response with exhibits. Within its supplemental response, Farabi objected to the contradictory and conclusory nature of certain statements in Hawkins' affidavit. The record does not reflect a ruling on Farabi's evidentiary objections.

The trial court granted the County's traditional motion for partial summary judgment on June 6, 2012. Trial was held on the remaining issue of the market value of the entire Farabi property as of the date of the taking. The jury determined the market value was $176,225. The trial court entered a final judgment in accordance with its summary judgment and the jury's verdict, and Farabi timely appealed.

## II.  ANALYSIS

### A.  Standard of review

Our review of a summary judgment is de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is

entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort*, 289 S.W.3d at 848. Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). A fact issue exists if there is more than a scintilla of probative evidence. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam).

## B.     Texas condemnation law

The County had to prove three essential elements to prevail on its condemnation claim for Farabi's entire property. *See Whittington v. City of Austin*, 174 S.W.3d 889, 896 (Tex. App.—Austin 2005, pet. denied). First, the County had to show that it satisfied various formal prerequisites necessary to proceed to the trial court: it filed a petition in compliance with section 21.02(b) of the Texas Property Code; it made an offer to purchase; special commissioners were duly appointed, sworn, and made an award; and the property owner filed objections. *See id.*

Next, the County had to prove that the condemnation of the entire Farabi property was for a "public use." *See id.* The two components of "public use" are the County must intend a use for the property that constitutes a "public use" under Texas law and the County must establish that the condemnation is a "public necessity." *See id.* at 896–97. What constitutes public use is a question of law, which the Texas Supreme Court has liberally construed. *Circle X Land & Cattle Co., Ltd. v. Mumford Indep. Sch. Dist.*, 325 S.W.3d 859, 863 & n.4 (Tex. App.— Houston [14th Dist.] 2010, pet. denied); *Whittington*, 174 S.W.3d at 897. The governmental agency's determination of public necessity is presumptively correct and is conclusive unless the property owner can show bad faith, arbitrary or capricious action, or fraud. *See Circle X*, 325 S.W.3d at 864; *Whittington*, 174

S.W.3d at 898. As the objecting party, nonmovant Farabi has the burden to demonstrate that the County's action in condemning his entire property was arbitrary and capricious. *See Circle X*, 325 S.W.3d at 864. This showing requires negating any reasonable basis for determining what and how much land to condemn. *See id.*

Finally, the County has to have strictly followed the legal requirements governing condemnation proceedings. *See Whittington*, 174 S.W.3d at 899.

Farabi attacks the County's showing of public necessity in two separate issues, arguing (1) the County did not present conclusive evidence of public necessity and (2) even if it did, Farabi presented sufficient evidence to raise a fact issue on whether the County abused its discretion through its arbitrary and capricious action.[1]

## C.    Public necessity

In its first issue, Farabi argues that the trial court erred in granting summary judgment to the County because it did not establish the Commissioners Court's determination of public necessity. Farabi contends that because the Commissioners Court's resolution and order refers to the "South Mayde Creek Pedestrian & Bicycle Facility Project (ID No. HC-3273)," there is no evidence establishing the Commissioners Court's determination of a public necessity for any portion of Farabi's property for anything other than the trail project. Farabi asserts that, according to Hawkins, the Farabi easement was removed from the trail project. Farabi also points out that the trail project plans did not include any parks and did not require the acquisition of the entire Farabi property.

[1] Farabi has not challenged the public use prong of the public use requirement; i.e., it has not argued that a trail, pocket park, or trailhead does not constitute a public use. Farabi also has not challenged whether the County satisfied the formal prerequisites to be able to proceed to the trial court or strictly followed the legal requirements governing condemnation proceedings.

6

The County responds that there is nothing defective or insufficient in the Commissioners Court's determination of public necessity. According to the County, the Farabi easement was only removed from the particular TxDOT program for purposes of maintaining federal funding, but was still aligned within the planned trail and thus needed to be acquired to link together sections of the trail. Moreover, the County argues that its summary judgment evidence showed that the same name was used for both the trail and park projects, and the term "park" need not be expressly stated in the Commissioners Court's resolution and order.

In pertinent part, the County's summary judgment evidence included: the Commissioners Court's agenda, and resolution and order; Hawkins' affidavit with exhibits; Hawkins' deposition; Toombs' deposition; and offer and counteroffer correspondence between Harris County Right of Way and Farabi. The resolution and order states "that public necessity and convenience exist for the location, alignment, construction, operation, and maintenance of the public project known as the South Mayde Creek Pedestrian & Bicycle Facility Project (ID No. HC-3273)." Exhibit A to the resolution and order includes an abstract and maps describing the subject tract as consisting of 0.5779 acres.

The County further presented evidence through its witnesses Hawkins and Toombs that in addition to the public necessity for the Farabi easement as a critical component of the trail project, the entire Farabi property was an ideal location for a pocket park as it was located across from a school and at the front entrance to a neighborhood, or for a trailhead where joggers or bicyclists could exercise or "warm up." Toombs discussed the availability of the undeveloped land and its suggested additional uses with Commissioner Radack, who agreed that the County should "build a pocket park and trail head there." It is the condemnor that

7

generally determines how much land to take. *Circle X*, 325 S.W.3d at 864 (citing *Zboyan v. Far Hills Util. Dist.*, 221 S.W.3d 924, 930 (Tex. App.—Beaumont 2007, no pet.)). Moreover, in the absence of a condemnation statute requiring affirmative pleading and proof on the matter, the necessity of exercising eminent domain for a public use and the extent to which property is to be taken are political or legislative—not judicial—questions. *See Whittington*, 174 S.W.3d at 898.

Farabi takes issue with the County's "attempt[] to bolster Commissioners Court's resolution and order with the testimony of Hawkins and Toombs regarding their personal determinations of the suitability of Farabi's property for a park." However, this characterization of the testimony as merely "personal" fails to take into account these individuals' particular positions within the County. Hawkins was assistant manager of engineering for Harris County Precinct 3 and project manager for the County's trail project, and Toombs was administrative superintendent for Harris County Precinct 3 and manager of surveying and in-house construction design and park design within Precinct 3. It is entirely reasonable that Hawkins and Toombs would discuss the suitability of particular property for a pocket park or trailhead along the trail project and would be in positions to recommend such taking to the Commissioners as necessary. *See City of Austin v. Whittington*, 384 S.W.3d 766, 781 (Tex. 2012) (describing how City convention center staff recommended taking of parking garage to City Council as necessary to accommodate parking requirements for expanded convention center).

In a related point, Farabi contends the County cannot act through or delegate its eminent domain power to Hawkins or Toombs, but there is no dispute here that the Commissioners Court itself as a governing body of the County entered the

resolution ordering the condemnation of the entire Farabi property.[2]

And although Farabi argues that we only can consider orders, resolutions, and minutes as evidence of the County's official action, this court has expressly rejected any such constraints on summary judgment evidence in eminent domain proceedings. *Circle X*, 325 S.W.3d at 865 & n.5; *see also Hous. Lighting & Power Co. v. Fisher*, 559 S.W.2d 682, 685–86 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) (concluding that affidavits and depositions of condemnor entity's officers demonstrated that entity's board of directors made requisite determination of convenience and necessity). Nor does this court require an express statement of the condemnation's necessity within an official resolution, order, or minutes. *See Circle X*, 325 S.W.3d at 865. Rather, like the trial court, we properly consider all the evidence to determine whether the County in fact determined that the condemnation was a necessity. *See id.* Farabi points to nothing in the eminent domain statutes, Tex. Prop. Code Ann. §§ 21.011–.016 (West 2004 & Supp. 2013), or otherwise providing for any specific requirement as to the type of evidence necessary to prevail at summary judgment. *See Circle X*, 325 S.W.3d at 865 n.5. In addition to considering the deposition testimony of Hawkins and Toombs, wherein the County presented evidence of the necessity of condemning the entire Farabi property for the trail and for a pocket park or trailhead, we also consider Hawkins' affidavit, wherein the County presented evidence that it requested the Commissioners Court's condemnation of the entire Farabi property for the trail and pocket park or trailhead using the same reference name as had been previously used for the attempted acquisition of the Farabi

---

[2] Unlike in *Burch v. City of San Antonio*, 518 S.W.2d 540 (Tex. 1975), cited by Farabi, there is no question that the Commissioners Court is an appropriate governing authority able to exercise eminent domain in Harris County. And unlike in *Bevly v. Tenngasco Gas Gathering Co.*, 638 S.W.2d 118 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.), this record contains a formal resolution and order of public necessity as to the subject property.

easement for the trail project.[3]

Even considered in the light most favorable to Farabi and indulging all reasonable inferences in its favor, we conclude the evidence conclusively shows the Commissioners Court in fact determined that condemning the entire Farabi property for the public uses of a trail and pocket park or trailhead was necessary. *See id.* at 867. We overrule Farabi's first issue.

## D.    Arbitrariness and capriciousness

In its second issue, Farabi contends that even assuming a proper determination of public necessity, the trial court erred in determining that the County met its summary judgment burden to conclusively negate all elements of Farabi's affirmative defense that the County's governing body acted arbitrarily and capriciously in determining a public necessity existed for acquiring the entire Farabi property. Farabi points to initial correspondence from the County and the County's written offer regarding the Farabi easement; the trail project's finished design, which only called for a 30-foot trail easement; and deposition testimony from Hawkins and Toombs that the only reason the County condemned the entire Farabi property was because the easement had to be condemned anyway, and that if Farabi had voluntarily conveyed the easement, the County would not have condemned the entire Farabi property.

The County first responds, under the proper standard, it is not the County that must conclusively negate Farabi's affirmative defense, but rather Farabi that must meet its burden to come forward with more than a scintilla of evidence as to the County's arbitrary and capricious action. We agree with the County. *See id.* at 867–68 (in review of traditional summary judgment, considering whether property

---

[3] Farabi does not attack this portion of Hawkins' affidavit as either conclusory or contradictory.

10

owner's evidence raised fact issue and met burden to show district's taking was arbitrary and capricious).

Simply because the focus of the County's interest in Farabi's property changed from an initial 30-foot easement for a planned trail project to the entirety of his property, also for a future intended pocket park or trailhead, does not equate to arbitrary and capricious action. *See id.* at 864, 867 ("[I]t is not arbitrary or capricious to base a condemnation on a reasoned prediction of future need or demand."). Hawkins' and Toombs' testimony does indicate that perhaps the additional pocket park or trailhead use and condemnation of the entire Farabi property may not have arisen if Farabi had not contested acquisition of the easement. However, there is no indication that after the County realized it would have to pursue formal condemnation proceedings, its actions in considering whether the entire Farabi property was suitable for a pocket park or trailhead, which it was, and in deciding to request that the Commissioners Court condemn such property as necessary for such public uses were "willful and unreasoning," "without consideration and in disregard of the facts and circumstances" at the time, or "not made according to reason and judgment." *See City of Austin*, 384 S.W.3d at 782–83; *Harris Cnty. Hosp. Dist. v. Textac Partners I*, 257 S.W.3d 303, 316 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Wagoner v. City of Arlington*, 345 S.W.2d 759, 763 (Tex. Civ. App.—Fort Worth 1961, writ ref'd n.r.e.)).

We conclude Farabi failed to satisfy its burden to raise a fact issue that the County's taking was arbitrary and capricious. *See Circle X*, 325 S.W.3d at 868. We overrule Farabi's second issue.

11

**E.     Hawkins' affidavit**

In its third issue, Farabi argues that certain statements in Hawkins' affidavit are conclusory and not proper summary judgment evidence.  We disagree.

In particular, Farabi contends the following statements are conclusory:

- That in December 2009, Hawkins and Toombs "discussed and mutually agreed that the Farabi parcel would be a perfect fit for a pocket park or trail head addition to the South Mayde Creek Pedestrian & Bicycle Facility Project";

- That, on January 5, 2010, Hawkins told Faulkner "to take the necessary steps to purchase the entire Farabi parcel in fee for a park";

- That the Farabi parcel "was never removed from the South Mayde Creek Pedestrian & Bicycle Facility Project.  It was only removed from the TXDOT project, which was that portion funded by STEP"; and

- That "[f]rom the moment it was determined a public necessity to acquire the Farabi parcel, it was determined that this parcel would be a perfect location for a pocket park or trail head addition to the South Mayde Creek Pedestrian & Bicycle Facility Project."

Conclusory statements express a factual inference without stating the underlying facts on which the inference is based; they are not proper as summary judgment proof if there are no facts to support the conclusions.  *See Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  Conclusory affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted.  *Ryland Grp. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam).

Hawkins' challenged statements describe conversations that allegedly took place, what was allegedly discussed in those conversations, the alleged "removed"

12

status of the Farabi parcel from the TxDOT project, and the alleged status of the Farabi parcel as being "a perfect location" for a pocket park or trailhead. Each statement provides some factual information that could have been rebutted. Farabi argues that Hawkins failed to identify who "determined" that the Farabi parcel "would be a perfect location for a pocket park or trail head," but although this statement could have been clearer, within the context of the affidavit, arguably it refers back to Hawkins' and Toombs' discussion regarding the need for condemnation of the Farabi easement and their "determination" that the "Farabi parcel would be a perfect fit for a pocket park or trail head." Moreover, even where a statement is to some degree conclusory, as long as it provides some factual information that could have been rebutted, it is not merely conclusory and can support a summary judgment. *See Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (citing *Rivera v. White*, 234 S.W.3d 802, 808 (Tex. App.—Texarkana 2007, no pet.)). Farabi further insists we should not "defer" to Hawkins' and Toombs' determination and maintains a determination that a property is a perfect location for a pocket park or trailhead is not a determination that there is a public necessity for either use, but we cannot see how such arguments render Hawkins' statements conclusory.

Farabi also argues that Hawkins' affidavit testimony is contradictory compared with the deposition testimony provided by Hawkins and Toombs. Farabi cites rule 166a(c), which permits granting summary judgment on the basis of an interested witness's testimony if such testimony is clear, positive and direct, otherwise credible, and free from contradictions and inconsistencies. *See* Tex. R. Civ. P. 166a(c). Because affidavits of interested witnesses present a defect of form rather than a defect of substance, preservation for our review requires an objection in the trial court. *Alaniz v. Rebello Food & Beverage, L.L.C.*, 165 S.W.3d 7, 19

13

n.19 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Further, even when a proper objection is lodged, affidavits remain part of the summary judgment record unless there is a written, signed order sustaining the objection. *Id.* In other words, failure to obtain a ruling on form objections waives them on appeal. *Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.*, 391 S.W.3d 596, 604 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Within its supplemental response to the County's supplemental motion for partial summary judgment, Farabi objected to the contradictory nature of Hawkins' affidavit. However, the record here does not reflect that the trial court ruled on Farabi's objections to Hawkins' affidavit. Because Farabi failed to obtain rulings on this evidentiary objection, Farabi will not be heard to complain of them on appeal. *See id.*

We overrule Farabi's third issue.

## III. CONCLUSION

Having overruled all of Farabi's issues, we affirm the trial court's final judgment.

/s/ Marc W. Brown
Justice

Panel consists of Justices Boyce, Christopher, and Brown.

14