

# THE ATTORNEY GENERAL
# OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

September 25, 1989

Honorable John T. Montford
Chairman
State Affairs Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.  JM-1101

Re:  Whether  a  farm-to-market
road is a  "state highway"  for
purposes of right-of-way acqui-
sition under  section  4.301(c)
of article 6702-1, V.T.C.S.
(RQ-1708)

Dear Senator Montford:

You ask whether farm-to-market  roads are "state  high-
ways" within section 4.301(c)  of article 6702-1,  V.T.C.S.,
which provides that the  state shall pay  90 percent of  the
cost of  acquiring  right-of-way for  state  highways.   The
State Department of Highways  and Public Transportation  has
not viewed  farm-to-market roads  as state  highways  within
that provision, and the counties have traditionally paid the
full cost of right-of-way acquisition.

The provision you inquire about  is part of the  County
Road and Bridge Act.  V.T.C.S. art. 6702-1, § 1.001. Section
4.301(a) of this act  authorizes the commissioners court  to
condemn land which the State Highway and Public  Transporta-
tion Commission determines  is needed for  a state  highway.
Section 4.301(c) makes the  following provision for  payment
for right-of-way secured for certain highways:

> In the  acquisition of  all  rights-of-way
> authorized and requested by the State Depart-
> ment of  Highways and  Public  Transportation
> in cooperation with local  officials <u>for  all
> highways designated by the State Highway  and
> Public Transportation  Commission  as  United
> States or state  highways</u>, the State  Depart-
> ment of  Highways and  Public  Transportation
> is authorized and  directed  to  pay  to  the
> counties and cities not less than 90  percent
> of the value . . . of the requested right-of-
> way . . . .  (Emphasis added.)

The question before us is whether farm-to-market roads are designated as state highways within section 4.301(c) of article 6702-1, V.T.C.S. Some consideration of the role of farm-to-market roads in the network of Texas highways and roads will help us to answer this question.

Farm-to-market roads are generally rural roads that may be jointly constructed and maintained by the state and counties. 36 D. Brooks, County and Special District Law § 40.23 (Texas Practice 1989). They carry local traffic and serve as feeder roads between the major highway system and local county roads. Texas Legislative Council, Texas Roads and Highways 37, 46, 136 (Oct. 1952) (Staff Research Report 52-3). The state began a program of building farm-to-market roads in response to public demand that it take some action to insure all-weather surfaces on the more important local roads. Texas Research League, A Program for Texas Highways: A Digest of a Report to the Texas State Highway Commission (1957). A 1943 enactment authorizes the highway commission to designate "any county road in the state as a farm-to-market road for purposes of construction, reconstruction, and maintenance . . . ." Acts 1943, 48th Leg., ch. 244, at 365 (codified as V.T.C.S. art. 6673c).[1] Counties may levy an ad valorem tax to fund the construction of farm-to-market roads and may use the tax revenues in cooperation with the highway department to acquire rights-of-way for and to build and maintain such roads. Tex. Const. art. VIII, § 1-a; V.T.C.S. art. 6702-1, § 4.103 (implementing legislation); Attorney General Opinion V-1169 (1951).

A farm-to-market road fund is established by section 4.002 of article 6702-1, V.T.C.S., to finance the construction, improvement, and maintenance of farm-to-market roads by the highway department. The fund is to be used for a system of roads selected by the State Department of Highways and Public Transportation after consultation with the commissioners courts of the counties as to the most needed roads in the counties. V.T.C.S. art. 6702-1, § 4.002(c). The roads "shall serve rural areas primarily" and "shall not be potential additions to the federal aid primary highway

---

1. Article 6673c, V.T.C.S., appears to be one of a series of enactments which shifted most of the costs of providing highways and roads from the counties to the state. See generally Jefferson County v. Board of County and Dist. Rd. Indebtedness, 182 S.W.2d 908, 912 (Tex. 1944); see also V.T.C.S. arts. 6670, 6673, 6674b, 6674q-2, 6674q-4; Attorney General Opinion V-1115 (1950).

system . . . ." Id. § 4.002(d). They are moreover to "be capable of early integration with the previously improved Texas road system, and at least one end should connect with a road already or soon to be improved on the state system of roads." Id. § 4.002(d)(5) (emphasis added).

The provisions on building and financing farm-to-market roads generally refer to them as roads, and not state highways, thus suggesting that they are not state highways within section 4.301(c) of article 6702-1, V.T.C.S. These roads primarily serve local needs for transportation and for access to other state roads, rather than the needs of traffic going through the county or the state. Thus, in acquiring the right-of-way for a farm-to-market road the county is ordinarily paying a cost of a facility that will principally benefit local users. Both the language and the purposes of farm-to-market legislation persuade us that these roads are not state highways for which the state must reimburse right-of-way costs under section 4.301(c).

The circumstances under which the predecessor of section 4.301(c), article 6702-1, V.T.C.S., was enacted and its legislative history also support our construction of this provision. Section 4.301(c) derives from former article 6673e-1, adopted in 1957 to authorize the highway department to spend money for "the purchase of rights of way for certain highways under certain conditions . . . ." Acts 1957, 55th Leg., ch. 301, § 1, at 731 (title). Before 1957, local governments had to pay the entire cost of right-of-way for state highways. Texas' New Highway Right-Of-Way Policy, TEX. RESEARCH LEAGUE ANALYZES, July 17, 1957. In that year the legislature changed this practice by adopting House Bill 620, codified in part as article 6673e-1, V.T.C.S., and later recodified as section 4.301(c) of article 6702-1, V.T.C.S.

A contemporary report on Texas highways prepared by the Texas Research League at the request of the highway commission proposed a solution to the "right-of-way problem" that was subsequently adopted as House Bill 620. Texas Research League, A Program for Texas Highways: A Report to the Texas Highway Commission, ch. V, "The Right of Way Problem" (1957). The report recommended that the State Highway Commission establish a policy of paying a percentage of the cost of right-of-way on interstate highway system projects and primary and secondary state highway system projects. Id. at 65. It also recommended that the highway commission "continue to require local governments to purchase or otherwise provide the right-of-way for state farm and ranch to market roads." Id. at 67. The report explained its different treatment for farm-to-market roads

on the ground that most of them were built, at least in part, along rights-of-way originally used for a county road. The amount of additional right-of-way required could usually be obtained at nominal cost and in many cases would be donated by the abutting land owners "who are, after all, the primary beneficiaries of the project." Id. [2]

Section 1 of House Bill 620 appears to embody the suggestions of the Texas Research League report as to providing reimbursement for costs of acquiring right-of-way for interstate highways and major state highways, but not for farm-to-market roads.[3] When the bill was being considered at second reading by the House, the following amendment was proposed and rejected:

> Section 4. The provisions of this act shall also apply to the county expended costs of right-of-ways and right-of-way easements of Farm to Market Roads changed to State designated Highways within ten years of their construction.

H.J. of Tex., 55th Leg., Reg. Sess. 2435 (1957). The text of the rejected amendment indicates that farm-to-market roads are not state designated highways within section 1 of House Bill 620, which became article 6673e-1, V.T.C.S. Thus, section 4.301(c) of article 6702-1, V.T.C.S., which carries forward the language of section 1 of House Bill 620, does not apply to farm-to-market roads.

There are cases construing the predecessor of subsections 4.301(a) and 4.301(b) of article 6702-1, V.T.C.S., which hold that a farm-to-market road is part of the state highway system. See Bolin v. Brazoria County, 381 S.W.2d 206 (Tex. Civ. App. - Houston 1964, no writ); Moody Cotton

---

2. Senate Bill 1528 of the 71st Legislature shows that donation of right-of-way for farm-to-market roads is not a thing of the past. Acts 1989, 71st Leg., ch. 706, at 3238 (to be codified at Local Gov't Code § 43.032). It authorizes a home-rule city to annex a certain area crossed by the proposed route of a farm-to-market road if the landowner has donated or is committed to donate the right-of-way necessary to construct the road.

3. The other provisions of House Bill 620 related to financing the state's acquisition of rights-of-way. Acts 1957, 55th Leg., ch. 301, §§ 2, 3, at 732-735.

<u>Co. v. Commissioners Court</u>, 261 S.W.2d 204 (Tex. Civ. App. - Fort Worth 1953, no writ); <u>see also</u> <u>Gill v. Falls County</u>, 243 S.W.2d 277 (Tex. Civ. App. - Waco 1951, no writ). Subsections (a) and (b) of section 4.301 derive from a 1925 enactment, former article 6674n, V.T.C.S. Acts 1925, 39th Leg., ch. 186, § 14, at 458. A 1929 amendment to article 6674n, V.T.C.S., authorized a commissioners court to secure and pay for right-of-way for state highways. Acts 1929, 41st Leg., 3d C.S., ch. 10, at 243. <u>Gill</u>, <u>Moody Cotton Co.</u>, and <u>Bolin</u> addressed questions about the authority of a commissioners court to condemn property for a farm-to-market road on behalf of the state under former article 6674n, V.T.C.S. Their statements characterizing farm-to-market roads must be read in that context.[4] None of the cases addressed state reimbursement of right-of-way costs under former article 6673e-1, V.T.C.S.

In <u>Gill</u>, condemnation proceedings were filed by the state through the commissioners court of Falls County to condemn land for a farm-to-market road. The property owners argued that the state could not condemn land for a farm-to-market road under former article 6674n, V.T.C.S., which authorized condemnations of land for roads to be included in the designated state highway system. Since a farm-to-market road was a local road and not part of the designated highway system, the plaintiffs claimed that it could not be condemned under that statute. The court found that the highway

---

4. Attorney General Opinion V-1282 (1951) also addressed the correct procedure for condemning land for farm-to-market roads. The opinion concluded that the county should institute the proceedings in its name and not the name of the state, because eminent domain proceedings were required by statute to be instituted in the county's name except as to land condemned under article 6674n, V.T.C.S., for a "'designated State Highway,' which term does not include farm-to-market roads." Attorney General Opinion V-1282, at 3 (1951). Since the county acquired title to the land as agent for the state, condemnation proceedings for rights-of-way for farm-to-market roads brought by the commissioners court in the name of the state were not necessarily void, but the opinion reserved discussion of this question, which had not been asked. In <u>Gill</u>, <u>Moody</u>, and <u>Bolin</u>, the commissioners courts had instituted proceedings in the name of the state to condemn land for farm-to-market roads, and the courts had to address the application of article 6674n, V.T.C.S., to those proceedings.

commission had implied authority under article 6673c, V.T.C.S., to condemn land for farm-to-market roads.

Moody Cotton Co. also involved a suit by the commissioners court to condemn land on behalf of the state for a farm-to-market road. The court held that former article 6674n, V.T.C.S., authorized the commissioners court "to condemn land in the name of the State for right of way purposes necessary or convenient to any road in the State Highway System to be constructed, reconstructed, widened, straightened or lengthened and that Farm-to-Market Road No. 455 is such a road." Moody Cotton Co., supra, at 206.

Thus, the court in Moody Cotton Co. concluded that a farm-to-market road was a road in the state highway system for purposes of article 6674n, V.T.C.S., while the Gill court did not. Moody and Gill were decided prior to the enactment in 1957 of former article 6673e-1, V.T.C.S. Bolin, on the other hand, arose after the reimbursement requirement was adopted. In Bolin, the Highway Department had agreed to build a farm-to-market road in Brazoria County if the county would furnish the right-of-way free of cost to the state. The county's eminent domain suit was contested on the ground that the road in question was a county road and the commissioners did not follow the correct procedure for condemning land for county roads. The court stated as follows:

> The order of the Highway Commission . . . provides that when the proposal has been accepted by Brazoria County it is ordered that a Farm to Market Road be designated along said route. It was a road, except for the right of way, to be constructed under contract by the State at its expense. . . . This designation of a Farm to Market Road suffices to make it a part of the Highway system.

Bolin, supra, at 209.

Thus, the farm-to-market road in Bolin was part of the state highway system for purposes of condemning the right-of-way, but the state was not to pay any of the cost of acquiring the right-of-way. The holdings of Gill, Moody Cotton Co., and Bolin are not inconsistent with our reading of section 4.301(c) of article 6702-1, V.T.C.S. That provision does not require the state to reimburse counties for 90 percent of the cost of acquiring right-of-way for farm-to-market roads.

## S U M M A R Y

Farm-to-market roads are not "state highways" for purposes of section 4.301(c) of article 6702-1, V.T.C.S., which requires the State Department of Highways and Public Transportation to pay 90 percent of the cost of rights-of-way acquired by counties and cities for "highways designated by the State Highway and Public Transportation Commission as United States or state highways."

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General