**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**J. Harlan WEST et ux., Appellees.**

**No. 299.**

Court of Civil Appeals of Texas.

Tyler.

June 22, 1967.

Rehearing Denied July 13, 1967.

J. Kearney Brim, Sulphur Springs, Larry Barnes, Dallas, for appellant.

Smith, Johnson & McDowell, William McDowell, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellees.

DUNAGAN, Chief Justice.

This case is a proceeding in Eminent Domain to obtain a twenty feet wide easement across and under the land of appellees in Hopkins County, Texas, for the installation of an underground communications cable necessary in providing long distance telephone service to the public in Sulphur Springs, Texas.

The Commissioners in Condemnation awarded appellees $300.00. Appellees appealed to the County Court of Hopkins County where trial was had with a jury and on the jury's verdict, judgment was entered awarding appellees $9,031.20. From this judgment, the condemnor has appealed.

Appellant (condemnor) filed its original petition for condemnation on September 17,

1965. A hearing before the Commissioners in Condemnation was held on October 6, 1965, and the Commissioners made their award on October 8, 1965. Appellees timely filed their objection to the award on October 15, 1965.

Appellant took possession of the condemned property and made its deposit with the court on October 12, 1965.

Appellant filed among the papers in the case a written statement on October 18, 1965, which reads as follows:

"NO. 4 3 5 6

"SOUTHWESTERN BELL TELE-
PHONE COMPANY

"VS.

"J. HARLAN WEST, ET AL

PROCEEDINGS IN EMINENT DO-

MAIN IN THE COUNTY COURT

HOPKINS COUNTY, TEXAS

"STATEMENT OF PLAINTIFF

"BE IT REMEMBERED, that on the 6th day of October, 1965, at a hearing held by the Commissioners in the above and foregoing cause, it was stipulated to the said Commissioners by counsel of Plaintiff, that Plaintiff, SOUTHWESTERN BELL TELE-PHONE COMPANY, agreed, and so advised the Commissioners, that placing of railroad spur tracks, roads or drainage structures, over, across or through the easement herein sued for by Plaintiff would not constitute interference with such easement and that permission of SOUTHWESTERN BELL TELEPHONE COMPANY, Plaintiff, would not be required prior to the construction of such railroad spur tracks, roads or drainage structures. It was further stipulated that in the event that the cable of Plaintiff should of necessity be raised or lowered for the placing of such railroad spur tracks, roads or drainage structures, in that event Plaintiff would, upon request by Defendant, his heirs or assigns, raise or lower said cable at no cost to Defendant.

"SOUTHWESTERN BELL TELEPHONE COMPANY

"BY    /s/ J. K. Brim
              J. K. BRIM, Attorney for Plaintiff"

The land involved in this case is composed of 22.2 acres located within the City Limits of Sulphur Springs, Texas, and although now unimproved and uninhabited, is zoned for industrial use. The north boundary line of the L & A Railroad track is the south boundary line of the land in question. Appellant condemned a strip of appellees' land twenty feet wide and approximately 388 yards long, all of which abutted the L & A Railroad. The strip is .504 of an acre.

The trial in the County Court commenced on October 10, 1966. It was stipulated that the only issues involved were the amount of damages.

On cross-examination of appellees' witness Lemon, their first witness as to damages, the appellant inquired about whether appellees' damages would be less if appellees had the right to place railroad spur tracts, roads, streets, (private and public) and drainage structures on the strip of land, to which appellees objected. One ground of their objections was that the written statement was not a part of appellant's pleading.

Also, during cross-examination of appellees' witness Bailey, appellees' counsel stated

in the presence of the jury that it was not true that appellees retained the right to place these structures upon the land here involved.

The next morning before the appellees rested, appellant requested leave to file its first amended original petition which adopted the written statement filed on October 18, 1965. The proffered amendment denied appellant the right of ingress and egress over the remainder of the 22.2 acres, and released to appellees special rights to use any of the surface of the strip being condemned for the construction of railroad spur tracks, roads, streets (public and private) or drainage structures. The trial court refused to permit appellant leave to file the amended petition.

We think it is apparent from the record that appellant in good faith was laboring under the impression that the written statement filed on October 18, 1965, was sufficient to constitute an amendment to its original petition and was all that was required of it to abandon and relinquish to the appellees the special rights to use any of the surface of the strip being condemned for the construction of railroad spur tracks, roads, streets (public and private) or drainage structures, and to deny appellant the right of ingress and egress over the remainder of the 22.2 acres. It was not until after the appellees began offering testimony that the appellant first learned that the appellees did not recognize or regard this statement as being sufficient to be considered a pleading or to accomplish the purpose as therein stated.

The appellant by its first point of error complained of the trial court's action in refusing its leave to file the amended petition. Appellees say the trial court properly refused appellant's request for leave to file the amended pleading because the amended pleading (1) would materially change the lawsuit; (2) would act as a surprise to appellees; and (3) would prejudice appellees.

It is a well recognized principle of law that a condemnor may, at any time, release rights acquired by a proceeding in Eminent Domain. In the case of Texas Power & Light Company v. Cole, 158 Tex. 495, 313 S.W.2d 524, (1958), the electric company filed a petition in condemnation to secure an easement for an electric transmission line and took possession of the condemned property on December 5, 1955, under an award made by the Commissioners in Condemnation. After the case had been appealed to the County Court at Law, the electric company offered a supplemental petition which allowed the landowners to remove sand and gravel from the condemned property until May 1, 1957. The trial court allowed this amendment and instructed the jury that they could not consider for damages any interference with the landowner's right to remove sand and gravel between the date the electric company took possession (December 5, 1955) and May 1, 1957. In allowing the electric company to amend the petition in condemnation and temporarily reduce the amount of property taken, the Supreme Court held:

"* * * '* * * A condemner can abandon the taking of property, in whole or in part, after it makes its deposit and secures right of possession provided the status quo can be restored. * * *'

* * * * * *

"* * * the amendment was a relinquishment or abandonment of certain rights to which petitioner would have been entitled under the easement description contained in the original petition. Undoubtedly a condemner has the right to dismiss as to a portion of the land sought to be condemned or to relinquish rights originally sought by condemnation of an easement when this may be done without injury to the landowner. * * *

* * * * * *

"It is not the policy of the law to encourage economic waste. * * * A condemner should not be required to take

more land than it needs nor secure unnecessary easement rights, and prior to confirmation of the special commissioners' award or other judgment of the Court, the condemning authority, in the absence of some showing of prejudice to the landowner (which we here fail to find) should be allowed to abandon such unnecessary lands or rights. * * *

* * * * * *

" 'That the proper time and method of reducing the rights sought in a condemnation suit by the condemner would be at the trial of the issue of damages before a jury, and by the way of amendment to the petition, was held in Shell Pipe Line Corporation v. Woolfolk, 331 Mo. 410, 53 S.W.2d 917, 918, wherein the Court said that the condemner may appropriate less than the full rights available under the law, and if he does, that fact is a proper element to consider on the issue of damages; that his purpose to exercise less than his full rights should appear with a reasonable certainty "in the petition or be brought in the way of amendment thereto." * * * ' "

This decision was followed in State v. Nelson, 160 Tex. 515, 334 S.W.2d 788, (1960) wherein the court said:

"* * * Subject to jurisdictional limitations, there is no reason why the rule which permits pleadings to be amended should not apply to the proceeding after it has become a case in court. * * * It is settled, for example, that the pleadings can be amended in the county court to set up additional grounds for attacking the award. * * * Where the landowner will not be prejudiced, the condemning authority may also amend the description and abandon part of the land or rights which it had previously sought to condemn. * * *"

See Rayburn, Texas Law of Condemnation, Sections 70(1) and 70(3).

It is clearly established by the above authority that a condemnor has the right to amend its pleading and take less. The only limitation of this right is that the landowner must not be prejudiced. As we view the record in this case, it is inconceivable to us that the landowners could have been prejudiced by the offer of appellant, by way of the amendment, to relinquish and abandon certain rights to appellees that would allow them to fully develop their land for commercial purposes which, according to their testimony, was the highest and best use of the land. The proffered amended pleading did not include some new and independent matters as would constitute a new cause of action or claims against appellees. The amendment would not have placed any greater burden of proof upon the appellees than the original pleading required. It simply relinquished and abandoned certain rights to which appellant (condemnor) would have been entitled under the easement description contained in the original petition. The appellant was attempting, by its amended pleading, to take less from the landowners and thereby mitigate its damages.

Appellees contend that the trial court properly exercised its discretion under Rule 63, Texas Rules of Civil Procedure in refusing appellant's request for leave to file its amended pleading.

Request to file the amended pleading was made on October 11, 1966, one year subsequent to October 18, 1965, when the written statement by appellant relinquishing and abandoning certain rights to appellees was filed in the trial court in this case. Assuming without deciding that the written statement filed by appellant did not amount to an amendment of its original pleading in the case, as appellant apparently thought it did, at least the statement was notice to appellees that appellant did not require these rights and did not desire to purchase them and had no intention of taking any of the property rights mentioned in the statement.

■ It has been held in this state that as a general rule a party properly brought into the court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear and has no actual knowledge thereof. Chapa v. Wirth, 343 S.W.2d 936, 938 (Tex.Civ.App., 1961, Eastland, n.w.h.); 41 Tex.Jur.2d, page 538, Sec. 19, and 66 C.J.S. Notice § 12, page 648.

Under Rule 63 it is mandatory that leave shall be granted for an amendment to be filed within seven days of trial unless there be a showing that such amendment will operate as a surprise to the opposite party. If there is no surprise and the trial court denies the amendment, then there is an abuse of discretion.

The filing of this amendment would be prejudicial only if appellees show prejudicial surprise on the merits and then only when such surprise cannot be relieved by such postponement as seems to be just and advisable under all circumstances. Following Rule 63, T.R.C.P., under the heading "General Commentary," Robert W. Stayton in discussing this rule said:

> " * * * The leave in any of the cases in which it is required is to be freely given unless the opposite party shows prejudicial surprise on the merits, and, I think, prejudicial surprise that cannot be relieved by such postponement as seems to be just and advisable under all circumstances."

■ Under the record in this case, we do not believe the proffered amended pleading operated as a surprise to appellees. It is our opinion from an examination of this record that the trial court abused its discretion in refusing to permit the filing of the amended pleading. Even if the amended pleading did operate as a surprise to appellees, it was not such as to show prejudicial surprise on the merits or such surprise as could not have been relieved by a postponement of the trial to a time as would seem just and advisable under all the circumstances.

The trial court in refusing appellant leave to file the proffered amendment permitted the jury to consider and assess the damages incurred by the taking of the land by appellant without the benefit of appellant's concessions to appellees of the right to place spur tracks, roads, streets (public and private) and drainage structures upon the land, which concessions would not have left appellees "cut off" from the railroad as stated by their witnesses.

From the record, it appears that the rights the appellant relinquished and abandoned, as set out in the above written statement of appellant, were made known to the special commissioners at the time of the hearing before them and subsequent to said hearing reduced to writing and filed among the papers in the case. Therefore, it appears from this record that the extent of the easement with which the special commissioners were concerned was different from that considered by the jury in the County Court.

It is our opinion from an examination of this record and all the facts and circumstances therein shown, that the trial court abused its discretion in refusing to permit the filing of this proffered amendment.

It is further our opinion that this error amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment and requires a remand of this case. Rule 434, T.R.C.P.

In view of the disposition we have made of this case under appellant's first point, it is unnecessary to discuss the other points of error presented.

For the reasons above stated, this case is reversed and remanded to the trial court for further proceedings.

SELLERS, J., not participating.