The CITY OF WHARTON,
Texas, Appellant,

v.

Nelga and Walter STAVENA, Appellees.

No. 13–88–121–CV.

Court of Appeals of Texas,
Corpus Christi.

May 4, 1989.

Rehearing Denied June 29, 1989.

William A. Cline, Jr., Robinson C. Ramsey, Wharton, for appellant.

L.L. Duckett, Randy M. Clapp, El Campo, for appellees.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

DORSEY, Justice.

Appellant, the City of Wharton, originally filed a petition to condemn certain lands

owned by appellees, Walter and Nelga Stavena. After the special commissioners awarded damages, appellant moved to dismiss the proceedings. Following a hearing, the trial court granted the motion and rendered a judgment against appellant for appellees' attorney's fees, appraisal fees, and expenses. Appellant now complains of the court's judgment by six points of error. We affirm.

At issue is whether the landowner, Stavena, is entitled to attorney's fees as a result of appellant's dismissal of the condemnation proceeding, when the fee arrangement between the landowner and their attorneys provided for a contingency fee, so that no expenses were actually incurred by the landowners.

According to the testimony of both appellee Walter Stavena and his counsel, Jim Bouligny, the fee arrangement for the condemnation proceeding was as follows:

A contingent fee of one-third of that portion of any award greater than $50,-000 if purchased by the City of Wharton. If not purchased by the City of Wharton, then our fee for time spent in connection with the desired subject matter to be recovered from the City of Wharton together with all accounts and expenses paid by Duckett, Bouligny and Collins in connection with the case.

It is undisputed that the one-third contingent fee was not earned by appellees' attorneys due to appellant's dismissal of the proceeding. The issue raised by appellant's six points of error is whether the evidence is sufficient to support the trial court's award of $13,301.00 for appraisal fees, expenses, and "attorney's fees in relation to the presentation of the Response to Motion [to Dismiss] and the hearing thereon."

Tex.Prop.Code Ann. § 21.019(b) (Vernon Supp.1989) provides:

A court that hears and grants a motion to dismiss a condemnation proceeding made by a condemnor under Subsection (a) shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing.

Appellant contends the evidence does not support the court's factual finding that appellees "incurred" any attorney's fees, appraisal fees, or expenses. The rationale given is that appellees and their attorneys had agreed that although the attorneys would receive reasonable fees for services rendered in case of a dismissal by the condemnor, they would look only to appellant for recovery of those fees. In support of its argument, appellant directs our attention to the following testimony elicited during cross-examination of attorney Jim Bouligny:

Q. So, as I understood your arrangement with him, it was that if—if the award was paid, then your firm would get one-third—a contingent fee of one-third over and above the 50,000 offer?

A. That is correct.

Q. But that if the award was not paid, then you were looking and are looking to the City of Wharton to pay the fee and expenses?  .

A. That is correct. And I'm not necessarily looking for an hourly basis either. Our arrangement is nevertheless a contingent—fee basis. But, in our conversation with Mr. Stavena, we just—early on, off the cuff, he asked the question, "Well, what if they don't buy it?" Then—and I said, "Well, the City of Wharton will end up paying."

Appellant contends since the agreement entered into by appellees and their attorneys failed to provide that appellees, the property owners, were obliged to pay reasonable fees "out-of-pocket" in case of a dismissal, then such fees are not recoverable since they were not "incurred" by appellees.

We disagree. The purpose of section 21.019(b) is two-fold: 1) to compensate the landowner for expenses incurred during an abandoned condemnation proceeding, *City of Houston v. Blackbird*, 658 S.W.2d 269, 291 (Tex.App.—Houston [1st Dist] 1983, writ dism'd); and 2) *to discourage the commencement and subsequent abandon-*

*ment of condemnation proceedings.* Thus, when a condemnor initiates and then voluntarily dismisses a condemnation suit, section 21.019(b) imposes a penalty or duty on the condemning authority to pay reasonable and necessary fees charged by the property owner's appraisers and attorneys for services rendered in preparation for the proceedings. The recovery of these fees should *not* depend on the vagaries of any particular attorney-client agreement since such recovery is statutorily mandated. *See Blackbird,* 658 S.W.2d at 271.

■ The only criteria to be considered by a trial court in determining whether to award these fees is whether they are "reasonable and necessary." Appellees presented abundant evidence to suggest that both the work performed and fees charged by their attorneys and appraisers were necessary as preparation for the condemnation proceedings and reasonable by community standards. The testimony elicited from attorneys Jim Bouligny, Richard Collins, and L.L. Duckett in this regard was not controverted by appellant. Since the trial court properly found from the evidence that the fees satisfied the criteria provided for in section 21.019(b), it did not err in ordering appellant to pay those fees. Appellant's six points of error are overruled.

The judgment of the trial court is AFFIRMED.