**URBAN WILDERNESS, S.A., et al., Appellants,**

v.

**The CITY OF SAN ANTONIO, Appellee.**

No. 04–95–00584–CV.

Court of Appeals of Texas, San Antonio.

May 8, 1996.

Rehearing Overruled May 30, 1996.

his net monthly resources. TEX.R.APP.P. Rule 81(b)(1).

Philip M. Ross, Scott T. Staha, Laura Davis, San Antonio, TX, Judith Sanders–Castro, San Antonio, TX, Nelson M. Atwell, San Antonio, TX, for Appellants.

Keith M. Baker, Soules & Wallace, San Antonio, TX, Richard O'Neil, L. Eric Friedland, Richard L. Crozier, Russell S. Johnson, Davidson & Troilo, P.C., San Antonio, TX, John R. Wondra, San Antonio, TX, Lloyd Garza, City Attorney, San Antonio, TX, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

LÓPEZ, Justice.

This appeal arises from the dismissal of a condemnation proceeding. The trial court awarded appellants damages and certain fees and expenses, but refused to award appellants their attorneys' fees incurred after the date of the dismissal hearing. In their sole point of error, appellants contend that the award of those attorneys' fees is mandated by statute. We affirm the judgment of the trial court.

Appellee, City of San Antonio, initiated proceedings in 1990 to condemn a small tract of land owned, in part, by appellants. In 1994 the City filed a motion for voluntary dismissal of the condemnation action. On February 21, 1995, the trial court granted the dismissal. A two-week hearing ensued to determine the property owners' damages caused by the condemnation proceedings. A judgment was signed on May 5, 1995, but the City objected to it. A hearing was held on the objection and a new judgment was signed on June 5, 1995. In the final judgment, the trial court awarded appellants the attorneys' fees they incurred up to the date of the February 21, 1995 hearing, but not the fees they incurred during that hearing and thereafter.

In their sole point of error, appellants contend that the trial court erred in denying their motion for attorneys' fees incurred from the commencement of the dismissal hearing through entry of the final judgment of dismissal.

Section 21.019(b) of the Property Code provides that the court shall make allowance to property owners for reasonable and necessary attorneys' fees and other expenses incurred "to the date of the hearing" on a motion for voluntary dismissal. TEX.PROP. CODE ANN. § 21.019(b) (Vernon Supp.1996). Appellants argue that this section should be read to mandate an award of attorneys' fees up to the date of the hearing or to the time of entry of the judgment of dismissal, whichever is later. Appellants contend that this construction gives effect to the legislative intent of (1) reimbursing landowners for

their necessary and reasonable expenses whenever the condemnor voluntarily dismisses the proceedings and (2) discouraging commencement and subsequent abandonment of condemnation proceedings. *See City of Wharton v. Stavena*, 771 S.W.2d 594 (Tex. App.—Corpus Christi 1989, writ denied) (purpose of statute); *City of Houston v. Blackbird*, 658 S.W.2d 269, 272 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd) (purpose to reimburse).

We cannot accept appellants' contention that the legislature intended to mandate an award of fees and expenses up to the date of the hearing *or* the date of judgment. Section 21.019(c), which immediately follows the section here at issue and which governs dismissal proceedings initiated by the property owner, specifically allows for the award of fees and expenses "to the date of the hearing *or judgment.*" TEX.PROP.CODE ANN. § 21.019(c) (Vernon Supp.1996) (emphasis added). It is apparent that the legislature intended to differentiate between voluntary dismissals and involuntary dismissals with regard to the condemning authority's responsibility to compensate the property owner for its fees and expenses.

▆▆▆ Our duty is to construe the statute as written by the legislature, not to edit or amend it.

> It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose.... Likewise, we believe every word excluded from a statute must also be presumed to have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision.

*Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981) (citation omitted); *see also Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex.1981) (court may insert words only when necessary to give effect to clear legislative intent). The legislature in this instance clearly intended to require a condemning authority in a voluntary dismissal to reimburse a property owner for fees and expenses incurred *to the date of the dismissal hearing.* The language of the statute is clear. We must presume that the legislature omitted the phrase "or judgment" from section 21.019(b) for a purpose, just as we must presume that the phrase was included in section 21.019(c) for a purpose. *See Cameron*, 618 S.W.2d at 540.

Appellants rely heavily on *City of Houston v. Blackbird*, 658 S.W.2d 269 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). In that case, the City of Houston challenged an award of appellate attorneys' fees because the statute (then article 3265, § 6) "does not state that an allowance shall be made to the landowner for expenses incurred after the date of the hearing on a motion to dismiss filed by the plaintiff." *Id.* at 272. The court of appeals held that because the purpose of the statute is to reimburse the landowner for all necessary and reasonable expenses when the condemnor voluntarily dismisses the condemnation, the landowner should be entitled to recover whatever expenses he incurred as a result of appeal. *Id.* The court relied, however, on cases holding that even if a statute does not expressly state that a party is entitled to fees on appeal, such fees are within the discretion of the trial court. *Id.* It concluded that the trial court had not abused its discretion in awarding attorneys' fees for appeal. *Id.* Thus, the *Blackbird* court did not hold that the statute *requires* an award of attorneys' fees beyond those incurred up to the date of the hearing. It simply held that making such an award is not an abuse of discretion.

Nothing in the *Blackbird* opinion supports appellants' argument that the statute requires an award of fees and expenses up to the date of judgment. Indeed, in discussing whether the award of attorneys' fees in that case was excessive, the *Blackbird* court recited that appellees presented evidence of the number of hours expended by their attorneys "up to the commencement of the hearing on appellant's motion to dismiss." *Id.* at 274. This comports with a literal reading of the statute.

None of the other cases relied on by appellants support their conclusion that the statute mandates an award of attorneys' fees beyond the date of the hearing. For example, in *Rosenthal v. Ottis*, 865 S.W.2d 525

(Tex.App.—Corpus Christi 1993, orig. proceeding), the court of appeals granted mandamus relief to require the trial court to hold a jury trial to determine Rosenthal's claim for § 21.019(b) attorneys' fees and expenses. The import of the case is its holding that an allowance for fees and expenses is mandatory under the statute even if the property owner did not file a counterclaim. The opinion does not address the issue of whether such fees and expenses must be awarded beyond the date of the dismissal hearing.

In *City of Wharton v. Stavena*, 771 S.W.2d 594 (Tex.App.—Corpus Christi 1989, writ denied), the court determined that property owners could recover attorneys' fees upon voluntary dismissal of condemnation proceedings even though they had a contingent fee arrangement with their attorney and, therefore, had not incurred any legal fees. *Id.* at 595. The court noted two purposes for § 21.019(b): "(1) to compensate the landowner for expenses incurred during an abandoned condemnation proceeding, and (2) *to discourage the commencement and subsequent abandonment of condemnation proceedings.*" *Id.* at 595–96 (citation omitted; emphasis in original). The court regarded the mandatory award of fees and expenses as a "penalty or duty on the condemning authority" for services rendered *in preparation for the proceedings. Id.* at 596. Even accepting the court's proclamation that one purpose of the statute is to penalize the condemning authority, the opinion does not hold that the penalty extends beyond the date of the hearing.

 Appellants also contend that a trial court cannot grant voluntary dismissal of a condemnation proceeding until it has determined that the property owners will not be prejudiced by that dismissal. *See Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56 (Tex.1991) (dismissal may be precluded if property owner cannot be restored to position before condemnation); *Smith v. State,* 388 S.W.2d 291 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.) (dismissal may be precluded if it would work to detriment of condemnee). Thus, appellants conclude that "to

the date of hearing" must be construed to mean "to the date of dismissal." Even if we were to find this argument persuasive, appellants are not entitled to relief on the record before us.

Appellants urged at oral argument that the court "tentatively" dismissed the condemnation proceedings on February 21, 1995, but then withdrew that dismissal on the following day. Our record does not support that assertion. The partial statement of facts filed from the February 21, 1995, hearing clearly shows that the trial court granted dismissal on that date:

> [COUNSEL FOR THE CITY]: Your Honor, to clarify the record, is it correct that you granted the Motion to Compel Modification of the Pleadings pursuant to your instructions?
>
> THE COURT: Yes.
>
> [COUNSEL FOR THE CITY]: And dismissal of this case?
>
> THE COURT: *It is dismissed—that portion of it is done,* but the expense portion of it—all of the 21.019 portions of this are still to be determined.

(Emphasis added.)

There is nothing tentative about the court's ruling on February 21, 1995. The voluntary dismissal was granted at that time.[1] Further, appellants did not bring forward any statement of facts from the remainder of the hearing; our record contains no remarks by the trial court on February 22, 1995, concerning her dismissal ruling. Thus, appellants' argument that they are entitled to recover attorneys' fees to the date of dismissal does not support their contention that they are entitled to recover attorneys' fees incurred throughout the two-week trial on damages and thereafter until the date of judgment.

For all the foregoing reasons, appellants' sole point of error is overruled. The judgment is affirmed.

---

1. Appellants have not brought forward any point of error complaining of the granting of the voluntary dismissal.