BOARD OF REGENTS OF THE UNI-
VERSITY OF HOUSTON SYSTEM
and The State of Texas, Appellants,

v.

FKM PARTNERSHIP, LTD., A Texas
Limited Partnership, Nationsbank of
Texas N.A., City of Houston, County
of Harris, Houston Community Col-
lege, And Houston Independent
School District, Appellees.

No. 14–03–00392–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 14, 2005.
Rehearing Overruled Sept. 29, 2005.

2

Katherine E. Clark Kasten, Cavitt Wendlandt, Danica Lynn Milios, Austin, for appellants.

Alan Brandt Daughtry, Billy C. Dyer, H. Dixon Montague, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## MAJORITY OPINION

WANDA McKEE FOWLER, Justice.

The University of Houston appeals from the county court's dismissal of its suit for condemnation of a tract of land owned by FKM Partnership (FKM). The University alleges the county court erred in (1) dismissing its cause for want of jurisdiction, and (2) assessing temporary damages, attorney's fees, and costs for the University's temporary possession of the property. We reverse and remand.

### Background

FKM owns a 1.0792 acre tract of land located along the east side of the University's campus with frontage on Calhoun Road and the frontage road of State Highway 35. In 1996, FKM made plans to develop the property as a retail shopping center. FKM presented its plan to Ron Shoup at the University, who expressed such an interest in the shopping center he explored the possibility of a partnership with FKM to develop the property. FKM worked with the University on sign control, tenants desired by the University, and landscaping for the retail center. After investigating the possibility of a partnership, the University declined to enter into an arrangement with FKM. FKM continued to work toward development of the shopping center and in early 1998, sent a site plan to the president of the University showing the proposed retail center. At approximately the same time, the University informed FKM it was considering acquiring the property.

On January 7, 1998, the University offered to purchase the property from FKM for $205,250. FKM rejected the University's offer. On February 19, 1998, the University Board of Regents met and approved acquisition of the property by condemnation. The minutes of the board meeting reflected, "The acquisition of these tracts is necessary to complete the University of Houston's obligations for creating the Texas Highway 35 right-of-way. The property is approximately 85,733 sq. ft. The cost to acquire these properties will not exceed $582,890." Two days before the Board of Regents' meeting, the University filed an original petition in condemnation in the County Civil Court at Law No. 3 for Harris County. Special commissioners were appointed by the county court and the commissioners assessed damages to be paid to FKM at $275,000. FKM timely filed objections to the special commissioners' award and trial was set for February 17, 2003. Before trial, the University filed a motion for partial summary judgment on the grounds that (1) public necessity existed for the condemnation, (2) the University complied with statuto-

ry prerequisites, and (3) good faith negotiations occurred.

Several years later, the University filed a Fourth Amended Petition requesting a significantly smaller tract of land within the original 1.0792 acre tract sought in the condemnation proceeding before the special commissioners. Some time after this, FKM filed its Second Amended Motion to Dismiss and Plea to the Jurisdiction in which it contended the University failed to (1) demonstrate public necessity for the taking of the smaller tract; (2) comply with the statutory prerequisites; and (3) negotiate in good faith for the smaller tract prior to filing the fourth amended petition.

The trial court held a hearing on FKM's motion to dismiss shortly thereafter. After hearing arguments of counsel, the county court determined the University did not have the legal right to acquire the smaller tract of land in the condemnation proceeding. The county court dismissed the University's condemnation petition for want of jurisdiction and set a trial date to hear evidence of FKM's temporary damages incurred because of the wrongful condemnation proceeding. The issue of FKM's temporary damages was tried to a jury, which found FKM's reasonable and necessary appraisal fees and expenses were $67,031.71, FKM's reasonable and necessary attorney's fees were $495,642.05 for preparation and trial plus $150,000 in the event of appeals to the Court of Appeals and the Texas Supreme Court, and $25,000 for further proceedings if the petition for review is granted. The jury further found $323,026 as damages for the University's temporary possession of FKM's property from July 6, 1999 to the date of trial.

## Jurisdiction

In its first issue, the University contends the county court erred in concluding it lacked jurisdiction. The procedure for condemning public property is prescribed in sections 21.012 through 21.016 of the Texas Property Code. If the entity with eminent domain authority cannot agree with the property owner regarding the amount of damages, it must file a petition with the proper court with a description that contains the following: (1) the property to be condemned; (2) the purpose for which the entity intends to use the property; (3) the name of the property owner; and (4) a statement that the entity and the property owner are unable to agree on the damages. TEX. PROP.CODE § 21.012. The judge of the court must then appoint three disinterested freeholders who reside in the county as special commissioners to assess the damages of the property owner. TEX. PROP.CODE § 21.014. The special commissioners must conduct a hearing to determine the amount of damages. TEX. PROP. CODE § 21.015. If a party timely objects to the findings of the special commissioners, the court shall try the case in the same manner as other civil cases. TEX. PROP. CODE § 21.018.

At the hearing on the motion to dismiss, FKM argued the county court at law is not a court of general jurisdiction, and its power to act in condemnation cases is both special and limited. *See Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 937 (1958). FKM further claimed the University did not strictly comply with the Property Code and the county court was, therefore, without jurisdiction to hear the case. More specifically, FKM argued the following points:

● the jurisdictional prerequisite that the special commissioners conduct a hearing to determine the amount of damages was not satisfied because the smaller tract was not presented to the

commissioners (*see* TEX. PROP.CODE § 21.015);

- the jurisdictional prerequisite that the University's acquisition of the property was for a public purpose was not satisfied (*see* TEX. PROP.CODE § 21.012(b)(2)); and

- the jurisdictional prerequisite that the parties negotiate in good faith was not satisfied. (*see* TEX. PROP.CODE § 21.012(b)(4)).

**The county court retained jurisdiction when the University sought to condemn less land**

 In FKM's first contention before the county court, it argued the court had no jurisdiction because acquisition of the smaller tract of land was not presented to the special commissioners; therefore, the county court had no "appellate jurisdiction." Proceedings to condemn land are special in character, and the party attempting to establish its right to condemn must show strict compliance with the law authorizing private property to be taken for public use. *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 640 (Tex.2001). When, as here, the parties are unable to agree on the amount of damages, section 21.015 of the Property Code requires that special commissioners be appointed to make a disinterested finding as to the amount of damages. *State v. Blackstock*, 879 S.W.2d 125, 126 (Tex.App.-Houston [14th Dist.] 1994, writ denied). From the time the condemnor files the original statement seeking condemnation to the time of the special commissioners' award, the initial proceedings are administrative in nature. *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex.1984). If either party timely files an objection to the commissioners' award, the county court is invested with jurisdiction of the subject matter

of the case. *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex.1962).

 FKM contends that because the acquisition of the smaller tract of land was never presented to the commissioners, the commissioners could not have assessed damages with respect to that piece of property. The University contends, however, it was entitled to decrease the amount of property it sought to acquire at any time. A condemnor has the right to dismiss a portion of the land it seeks when it decides its purpose may be accomplished with less land than was initially sought. *Southwestern Bell Telephone Co. v. West*, 417 S.W.2d 297, 299 (Tex.Civ.App.-Tyler 1967, writ ref'd n.r.e.).

*Dismissal is not mandated by statute*

 Our review of this case must be guided by the applicable statutes and controlling case law. Although not immediately apparent, the property code's eminent domain provisions, read in conjunction with Texas case law, reveal that the county court did not lose jurisdiction when the University amended its pleadings to condemn a smaller portion of land than originally sought before the commissioners. The county court's jurisdiction vests when a party files objections to the special commissioners' findings. TEX. PROP.CODE § 21.017. Once the objections are filed, the court must "try the case in the same manner as other civil cases." TEX. PROP.CODE § 21.018(b). Like other civil cases, an eminent domain proceeding is subject to the rules of civil procedure. *Rose v. State*, 497 S.W.2d 444, 445–46 (Tex.1973). The rules of civil procedure permit parties to amend their pleadings and also to dismiss some or all of their claims. TEX.R. CIV. P. 63 (permitting amendments); TEX.R. CIV. P. 162 (permitting voluntary dismissal). Nothing in the property code specifies that the county

**6**

court loses jurisdiction of an eminent domain proceeding when the condemning authority seeks to dismiss part of its claim by amending its pleadings to take less. See Tex. Prop.Code §§ 21.001–.065.

*Texas jurisprudence permits the condemning authority to amend*

 Texas jurisprudence permits the condemning authority to amend. "[T]he trial court has power to and should permit an amendment [if] ... the description as amended does not inject entirely new subject matter into the proceedings." *Rose*, 497 S.W.2d at 447 (citing *State v. Nelson*, 160 Tex. 515, 334 S.W.2d 788, 792 (1960)). The condemning authority cannot enlarge the county court's jurisdiction by seeking to include new or additional land or rights by way of an amended petition. *Rose*, 497 S.W.2d at 446; *Nelson*, 334 S.W.2d at 792. Here, the University did not attempt to condemn new or different land; the University sought only to condemn a smaller portion of the land originally described in its petition.[1] And under Texas law, the condemning authority *can* amend to take less land or fewer rights.[2] *Texas Power & Light Co. v. Cole*, 158 Tex. 495, 313 S.W.2d 524, 530 (Tex.1958) ("Undoubtedly a condemnor has the right to dismiss as to a portion of the land sought to be condemned...."); *State v. Frost*, 456 S.W.2d 245, 255 (Tex.App.-Houston

[14th Dist.] 1970, no writ) ("The law is clear that the condemnor has the right to amend its pleadings and take less."). Because the University's amended petition sought to condemn only a smaller portion of the land originally described, and not add new or different land, the county court's jurisdiction remained intact. *See Rose*, 497 S.W.2d at 446; *Nelson*, 334 S.W.2d at 792. As to the smaller portion of land the University sought to condemn, the court should have continued to exercise its jurisdiction.

 Although a landowner is entitled to have the commissioners determine the land's value, it does not follow that any variation from the precise issue considered by the commissioners precludes the county court's exercise of jurisdiction. *See* Tex. Prop.Code § 21.014. Thus, the fact that the commissioners did not value the smaller portion separately did not deprive the court of jurisdiction. *See Coastal Indus. Water Authority v. Celanese Corp. of America*, 592 S.W.2d 597, 600 (Tex.1979) ("The petition's description of the property is the basis for the [court's] decree."); *Cole*, at 501, 313 S.W.2d at 529 (acknowledging the extent of the easement before the commissioners was different than that considered in the county court and reinstating county court's judgment on the condemning authority's amended petition); *Blasingame v. Krueger*, 800 S.W.2d 391,

---

1. That it was a significantly smaller piece of land-only three percent of the land originally sought to be condemned-does not appear to be important in the statutes. *See* Tex. Prop. Code § § 21.001–.065. The relevant case law does not address this aspect of the case; the cases do not appear to involve amendments quite this extensive. *See Tex. Power & Light Co. v. Cole*, 158 Tex. 495, 313 S.W.2d 524, 527–28 (Tex.1958) (concerning a supplemental petition that reduced the extent of the easement the condemning authority originally sought); *Thompson v. Janes*, 151 Tex. 495, 251 S.W.2d 953, 953–54 (Tex.1952) (concerning supplemental petition that would have

dismissed all but .557 acres of the four acres of land the condemning authority originally sought); *State v. Tamminga*, 928 S.W.2d 737, 738 (Tex.App.-Waco 1996, no writ) (concerning amended petition that would have dismissed one of the three tracts the condemning authority originally sought).

2. This is referred to as a dismissal as to a portion. *See Cole*, 313 S.W.2d at 530 (characterizing condemning authority's decision to reduce the rights sought as dismissing as to a portion).

394 (Tex.App.-Houston [14th Dist.] 1990) (orig.proceeding) ("[The county] court is not confined to simply reviewing [the commissioners'] findings like an appellate court."). Therefore, under both the statutes and case law, the fact that the commissioners evaluated only the larger tract of land in making their award does not strip the county court of jurisdiction to adjudicate the smaller tract of land. *See id.*

**When the condemning authority amends to take less, the county court must still determine the landowner's damages for the dismissed land**

■ After determining that the University's amended petition would only reduce the amount of land to be condemned, the county court's hearing on FKM's damages should have been limited to determining FKM's damages for the portion of land dismissed. The property code instructs the county courts to award land owners certain elements of damage when the condemning authority dismisses condemnation proceedings. Tex. Prop.Code § 21.019 ("A party that files a condemnation petition may move to dismiss the proceedings, and the court *shall* conduct a hearing on the motion.... A court that hears a motion to dismiss ... shall make an allowance to the property owner for reasonable and necessary fees...."). The landowner's damages include his reasonable and necessary fees for "attorneys, appraisers, and photographers and for the other expenses incurred by the property owner." Tex. Prop. Code § 21.019. In addition, section 21.044 allows the land owner to recover temporary damages sustained while the condemning authority was in possession. Tex. Prop.Code § 21.044 (allowing court to award the land owner "the damages that resulted from the temporary possession"). Therefore, FKM should recover the damages it incurred for the portion of land the

University no longer sought to condemn in addition to its damages for the smaller tract of land the University still wished to condemn. The county court, on remand, should limit its hearing on damages to those related to the portion of land the University sought to dismiss and reserve the damages determination related to the smaller portion of land for the conclusion of the condemnation proceeding related to that tract.

*Dismissing the condemnation proceedings does not serve the statutory purposes*

■ Finally, dismissal of the condemnation proceeding was contrary to the statutory purposes. The eminent domain statute's provisions are designed to make the landowner whole, not to punish the condemning authority. *State v. Tamminga*, 928 S.W.2d 737, 740 (Tex.App.-Waco 1996, no pet.) (stating one of Legislature's purposes in enacting section 21.019 was to "reimburse landowners for their necessary and reasonable expenses whenever the condemnor voluntarily dismisses condemnation proceedings"); *Urban Wilderness, S.A. v. City of San Antonio*, 924 S.W.2d 410, 413 (Tex.App.-San Antonio 1996, no writ) (same); *City of Wharton v. Stavena*, 771 S.W.2d 594, 595 (Tex.App.-Corpus Christi 1989, no writ) (same); *City of Houston v. Blackbird*, 658 S.W.2d 269, 272 (Tex.App.-Houston [1st Dist.] 1983, no writ) (same). When the condemning authority amends to take less, the statute allows the land owner to be made whole. *See* Tex. Prop.Code § 21.019 (providing for award of land owner's damages); *see, e.g., ExxonMobil Pipeline Co. v. Harrison Interests, Ltd.*, 93 S.W.3d 188, 191 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (reviewing a trial on damages *after* trial court dismissed condemnation case). Sections 21.019 and 21.044 enable the trial court to make FKM whole. Tex. Prop.Code

§§ 21.019, 21.044. The statute does not explicitly require a dismissal of the *entire* case for FKM to recover its temporary damages, costs and other expenses. See TEX. PROP.CODE §§ 21.019, 21.044.

■■■ Requiring the condemning authority to re-initiate condemnation proceedings in such a situation does more than make the landowner whole—it punishes the condemning authority. The condemning authority must either dismiss the entire proceedings, pay damages and start the condemnation proceedings all over again, or take land that it neither wants nor needs. Either result is undesirable. The condemning authority cannot be forced to take land it neither wants nor needs. *Frost*, 456 S.W.2d at 255 ("A condemnor should not be required to take more land or rights in lands than it needs nor secure unnecessary rights and privileges and the condemnor should be allowed to abandon such unnecessary lands or rights.") (citing *Cole*, 313 at 529.) Requiring the condemning authority to begin anew is also contrary to the condemnation statute's purpose. *See Tamminga*, 928 S.W.2d at 740 (stating one of Legislature's purposes in enacting section 21.019 was to "discourage the commencement and subsequent abandonment of condemnation proceedings"); *Urban Wilderness, S.A.*, 924 S.W.2d at 413 (same); *City of Wharton*, 771 S.W.2d at 595–96 (same). In the absence of a statutory mandate to do so and in light of the statutory purposes, the condemning authority should not be placed in such a position.

**Condemning authority's failure to comply with statutory prerequisites does not deprive the county court of jurisdiction.**

■■■ In its second contention before the county court, FKM contended the court had no jurisdiction because the University failed to present a board resolution

showing the public necessity of the acquisition of the smaller tract of land. In its third contention, FKM argued the University failed to show the parties were unable to agree on damages because the University failed to negotiate in good faith on the smaller tract. Both contentions are based on the statutory prerequisites set forth in section 21.012 of the Property Code. Since the trial of this cause, the supreme court has specifically declared "section 21.012's requirements are not jurisdictional." *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 191 (Tex.2004). The court further held, "if a condemning entity files a condemnation petition without meeting section 21.012's requirements, and a landowner opposing condemnation timely requests abatement, the trial court should abate the proceedings for a reasonable time to permit the condemnor to satisfy the statutory requirements." *Id.*

Here, FKM presented evidence that the University originally sought condemnation of the larger tract of land for purposes of satisfying the University's obligations for creating the Texas Highway 35 right-of-way and for the closing of Calhoun Road. In amending its petition to reduce the size of the acquisition, the University stated its acquisition of the property was to be used to "expand the campus of the University of Houston System." According to FKM, the University has presented no board resolution to support its need for the property for the purpose of campus expansion. The University contends it presented evidence that supports its determination that the acquisition of the property was necessary to complete the acquisition of the east campus areas consistent with the Texas Higher Education Coordinating Board Master Plan for the University.

■■■ The power of eminent domain can only be used to take property for a public purpose. *See* TEX. CONST. art. I,

§ 17; *Anderson v. Teco Pipeline Co.*, 985 S.W.2d 559, 565 (Tex.App.-San Antonio 1998, writ denied). An entity vested with the power of eminent domain must make a determination of public convenience and necessity for the acquisition of property to be condemned. *Houston Lighting & Power v. Fisher*, 559 S.W.2d 682, 685 (Tex.Civ. App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.). The cases cited by FKM indicate a resolution is a proper method for declaring the determination of public necessity, but do not hold that a formal resolution is the only method of declaring public convenience and necessity. *See Anderson*, 985 S.W.2d at 565; *Maberry v. Pedernales Elec. Coop., Inc.*, 493 S.W.2d 268, 270–71 (Tex.Civ.App.-Austin 1973, writ ref'd n.r.e.). For example, one case states that the governing body should adopt a resolution or "other action." *Maberry*, 493 S.W.2d at 270–71. Although the evidence shows no board resolution, the University presented some evidence its board approved the acquisition of the smaller tract for campus expansion.

There is no evidence, however, that the parties negotiated in good faith on the smaller tract of land. The failure to do so does not affect the county court's jurisdiction. *See Hubenak*, 141 S.W.3d at 191. Because FKM has raised a fact issue with regard to whether the University has demonstrated a public necessity for the acquisition, and the parties did not negotiate in good faith on the smaller tract, on remand, we instruct the county court to abate the proceedings to permit the University a reasonable time to satisfy the statutory requirements. The University's first issue is sustained.

## Conclusion

Because the county court's jurisdiction continued over the smaller tract of land, we reverse and remand to the county court. On remand, the county court is instructed to abate the proceedings to permit the University a reasonable time to satisfy the statutory requirements and to limit its hearing on damages to a determination of FKM's damages related to the portion of land the University sought to condemn and the damages caused by the University's constructive possession of the larger tract prior to its amendment.

SEYMORE, J., dissenting.

CHARLES W. SEYMORE, Justice, dissenting.

I respectfully dissent because I believe the trial court lost jurisdiction over the special commissioners' award. The majority holds that dismissal of this condemnation proceeding is not mandatory and would not fulfill the statutory purpose. My colleagues rely on this court's opinion in *Blasingame v. Krueger*, 800 S.W.2d 391, 394 (Tex.App.-Houston [14th Dist.] 1990, orig. proceeding) where we held "[The county] court is not confined to simply reviewing [the commissioners'] findings like an appellate court."). The court in *Blasingame*, however, did not address the jurisdiction of the trial court to review the special commissioners' award.

First, an appeal to the district court or county court at law in a condemnation suit is a special trial de novo proceeding; however, jurisdiction is appellate as distinguished from original or concurrent. *State v. Nelson*, 160 Tex. 515, 334 S.W.2d 788, 791 (1960). Thus, although the trial is de novo, it is limited to the issues presented at the administrative proceeding before the special commissioners, the administrative tribunal from which the court's jurisdiction is derived. *Board of Regents of University of Texas System v. Puett*, 519 S.W.2d 667, 670–71 (Tex.Civ.App.-Austin 1975, writ ref'd n.r.e.).

**10**

Second, the majority holds that Texas jurisprudence permits the condemning authority to amend its condemnation pleadings. While this is true, the condemning authority may not amend to the prejudice of the landowner. An amendment that materially prejudices the rights of the landowner deprives the court of jurisdiction because it injects new subject matter into the proceeding. *Nelson,* 334 S.W.2d at 791.

Finally, the majority holds that dismissing the condemnation proceeding does not fulfill the statutory purpose. I respectfully disagree. The Texas Supreme Court opined as follows:

> A holding that the county court on appeal has all of the power of a court of original jurisdiction would tend to thwart the purpose of the Legislature in providing for the administrative hearing. It would also violate the elementary rule as to the subject matter over which an appellate tribunal may properly exercise its jurisdiction. *See Wilbarger County v. Hall,* Tex. Com.App., 55 S.W.2d 797; 2 Am.Jur., Appeal and Error s 11.

*Id.*

It is my considered opinion that the majority confuses the requirements for appellate review with the concept of trial de novo. Moreover, by finding that the county court has original jurisdiction, the majority thwarts jurisdictional prerequisites expressed or implied in the statute. Accordingly, I respectfully dissent and would affirm the judgment of the trial court.