# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00194-CR

---

**Ronald Joseph Frazier, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18-2608-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant, Ronald Joseph Frazier, challenges his conviction for continuous sexual abuse of a young child. Tex. Penal Code § 21.02(b). The jury found Frazier guilty and assessed punishment at thirty-seven years' imprisonment. *Id.* § 21.02(h). Frazier contends in his first issue that the trial court erred when it admitted a medical report and related testimony that included hearsay statements. Frazier contends in his second issue that the State committed a discovery violation. We affirm the trial court's judgment of conviction.

## BACKGROUND

A.O., who was seventeen years old and in the twelfth grade at the time of the trial, testified that her mother and stepfather, Frazier, married when she was in second grade. She testified that Frazier began sleeping in her room and sexually abusing her when she was in fifth grade. She testified that the abuse continued and occurred numerous times throughout fifth and

sixth grade and into her seventh-grade year. A.O. testified that during the second half of seventh grade, she told her sister about the abuse. A.O.'s sister later made a comment in front of their mother that prompted their mother to ask A.O. a series of questions about the abuse and then take A.O. to the hospital.

The trial court held a hearing to determine the proper outcry witness. A.O.'s mother testified at the hearing that at A.O.'s sister's prompting, A.O. told her mother that Frazier had touched her. A.O.'s mother then testified that she asked A.O. questions, including "did he touch your breasts" and "did he touch your private parts," to which A.O. replied "yes." The forensic interviewer from the children's advocacy center then testified to the details of her interview with A.O. regarding the abuse. The trial court designated A.O.'s forensic interviewer as the outcry witness because it determined that the "yes" or "no" responses to A.O.'s mother did not qualify as an outcry.

Prior to speaking with the forensic interviewer, A.O. and her mother met with a social worker. The trial court admitted into evidence, on the State's motion and over Frazier's objections, the unredacted medical report from that meeting. The section that Frazier objected to included the social worker's notes of statements by A.O.'s mother telling the social worker the questions she had asked A.O. and A.O.'s answers. The social worker testified that the information provided by the mother created a medical history timeline that assisted in determining the type of medical examinations to be conducted. According to the report, the questions included the mother asking A.O. if certain individuals, including Frazier, had hurt her and asking if specific acts of sexual abuse had occurred. The trial court determined that the objected to statements fell within the medical records hearsay exception and admitted the unredacted report.

Frazier testified in his own defense and stated that he never sexually assaulted A.O. and did not know why she had stated otherwise. After hearing all the evidence, the jury found Frazier guilty of continuous sexual abuse of a young child and assessed punishment at thirty-seven years' imprisonment.

**DISCUSSION**

*Hearsay Testimony*

In his first issue, Frazier contends that inadmissible hearsay was admitted into evidence despite his objection. His complaint centers on the statements by A.O.'s mother to the social worker regarding what questions the mother had asked A.O. and A.O.'s answers regarding Frazier's abuse of A.O. Frazier contends that the testimony was an outcry statement and thus the medical treatment hearsay exception does not apply and that if it did apply, the hearsay statements in the report do not qualify under the requirements of the medical treatment exception.

A trial court's decision to admit or exclude hearsay evidence under an exception to the hearsay rule is reviewed for a clear abuse of discretion. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). We will reverse the trial court's decision only if the trial court's ruling was so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.* We will affirm if the trial court's evidentiary ruling is correct under any applicable theory of law. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Hearsay statements—statements not made by the declarant while testifying at the current trial or hearing that a party offers as evidence to prove the truth of the matter asserted in the statement—are generally inadmissible. Tex. R. Evid. 801(d); *Martinez v. State*, 178 S.W.3d

3

806, 810 (Tex. Crim. App. 2005). However, a statement made for medical diagnosis or treatment is an exception to hearsay. Tex. R. Evid. 803(4). Article 38.072 of the Code of Criminal Procedure also creates a hearsay exception in the prosecution of certain sexual offenses committed against children for the admission of a child's first outcry of sexual abuse to an adult. *See* Tex. Code Crim. Proc. art. 38.072.

Frazier contends that Rule of Evidence 101(d) prevents the application of Rule 803(4) in this case. He contends that because Article 38.072 only allows one outcry witness, and because Rule 101(d) requires exclusion of evidence made otherwise inadmissible by a statute, the admittance of the complained of evidence under Rule 803(4) is barred by Article 38.072. However, Article 38.072 does not make a type of evidence that would be admissible under the rules of evidence inadmissible: rather, it provides an additional exception for hearsay testimony if the requirements are met and limits this additional hearsay exception to one witness. Tex. Code Crim. Proc. art. 38.072(b) ("A statement that meets the requirements of Subsection (a) is not inadmissible because of the hearsay rule . . . .").

Because the outcry witness statute does not bar admission of evidence under the medical treatment exception, we turn to Frazier's contention that the hearsay statements do not qualify as statements made for medical treatment for purposes of the Rule 803(4) exception. Specifically, Frazier contends that Rule 803(4) does not apply because A.O.'s statements to her mother were not for the purpose of medical treatment.

For statements to be admissible under Rule 803(4), they must be "made for—and reasonably pertinent to—medical diagnosis or treatment" and describe "medical history; past or present symptoms or sensations; their inception; or their general cause." Tex. R. Evid. 803(4). Proving that the statement was made for the purpose of medical treatment requires the proponent

4

of the evidence to show "that the out-of-court declarant was aware that the statements were made for that purpose and that 'proper diagnosis or treatment depends upon the veracity of such statements.'" *Taylor*, 268 S.W.3d at 589. Establishing that the statement was "pertinent to treatment" requires a showing that it was reasonable for the health-care provider "to rely on the particular information contained in the statement in treating the declarant." *Id.* at 591. Because "the treatment of child abuse includes removing the child from the abusive setting," "the identity of the abuser is pertinent to the medical treatment of the child." *Fleming v. State*, 819 S.W.2d 237, 247 (Tex. App.—Austin 1991, pet. ref'd). Statements made by the parent of an injured child for purposes of diagnosing or treating the child qualify under the Rule 803(4) exception. *Sandoval v. State*, 52 S.W.3d 851, 856–57 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd); *see also Ponce v. State*, 89 S.W.3d 110, 120 (Tex. App.—Corpus Christi-Edinburg 2002, no pet.) (holding that statements made by mother of victim to examining nurse fall under Rule 803(4) exception because object of exam was to ascertain whether child had been sexually abused and to determine whether further medical attention was needed); *Barnes v. State*, No. 05-16-01184-CR, 2017 WL 5897746, at *6 (Tex. App.—Dallas Nov. 29, 2017, no pet.) (mem. op., not designated for publication) (holding that mother's statements to medical providers included in medical records that detailed what child victim described to mother about incidents of child abuse were covered by Rule 803(4) exception); *Delavega v. State*, No. 05-21-00229-CR, 2022 WL 1564548, at *4 (Tex. App.—Dallas May 17, 2022, no pet.) (mem. op., not designated for publication) (rejecting appellant's "double hearsay" contention and concluding "that the medical diagnosis exception to the hearsay rule includes a statement made by the parent of an injured child made for the purposes of diagnosing and treat[ing] the child").

Here, the trial court could have reasonably determined that A.O.'s mother was conveying information to the social worker with an interest in her child receiving proper diagnosis or treatment. *See Ware v. State*, 62 S.W.3d 344, 351 (Tex. App.—Fort Worth 2001, pet. ref'd) ("Parents normally possess this interest in the well-being of their children."); *Sandoval*, 52 S.W.3d at 857 ("In circumstances where the parent is giving the information to assist in the diagnosis and treatment of the child, we think the reliability of the statements is very high.").[1] The trial court could have reasonably determined that the information in the report was pertinent to medical treatment because the social worker testified that the information provided by the mother created a medical history timeline that assisted in determining the type of medical examinations to be conducted. *Sandoval*, 52 S.W.3d at 857 (noting that discovering both what is injured and what is not injured are equally pertinent to medical treatment and diagnosis).

We conclude that the trial court did not abuse its discretion by admitting the unredacted medical records. *See Taylor*, 268 S.W.3d at 579. Thus, we overrule Frazier's first issue.

*Discovery*

Frazier contends in his second issue on appeal that he received late discovery of additional facts alleged by A.O. and her mother.

---

[1] Frazier asserts that the trial court chose not to designate A.O.'s mother as the outcry witness because it found the testimony to be unreliable. However, the trial court did not make any statement about the reliability of the mother's testimony. During the evidentiary hearing on the social worker's report, defense counsel argued that the trial court did not allow A.O.'s mother to be the outcry witness because "it seemed kind of like a sketchy outcry." To which the trial court responded, "I didn't say that. . . . I didn't think it was an outcry at all because the child didn't make a statement period."

To preserve a complaint for appellate review, (1) a party must have made a timely, specific objection, request, or motion to the trial court that stated the specific grounds for the ruling sought by the complaining party, unless the specific grounds were apparent from the context, and (2) the trial court must have either ruled or refused to rule on the request—in which case the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a). Preservation of error is a systemic requirement. *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005).

After reviewing the record, we agree with the State that Frazier did not preserve this complaint because he did not object to any testimony or request a continuance based on the alleged discovery violation. *See Glover v. State*, 496 S.W.3d 812, 816 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding that discovery violation complaints are forfeited when defendant fails to bring them to attention of trial court). Rather, defense counsel chose to cross-examine A.O. and her mother about the newly discovered evidence in order to attack their credibility. The first time the record reflects Frazier raising the issue of late discovery was in his motion for new trial, which was filed after the final judgment was signed, and was overruled by operation of law. *See* Tex. R. App. P. 33.1(a) (requiring timely objection). Thus, we do not address the merits of this issue. *See Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) ("If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue."); *see also Clough v. State*, No. 02-02-00234-CR, 2003 WL 2006604, at *1–2 (Tex. App.—Fort Worth May 1, 2003, pet. ref'd) (mem. op., not designated for publication) (concluding that defendant "did not preserve error by raising" issues for first time "in his motion for new trial because the motion for new trial did not constitute a timely request or objection under the facts of this case").

**CONCLUSION**

Because we overruled Frazier's first issue and cannot reach his second, we affirm the trial court's judgment of conviction.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   October 20, 2023

Do Not Publish