

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00302-CR
No. 02-25-00303-CR

_____

TREVOR DALLAS BLANKENSHIP, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 7
Tarrant County, Texas
Trial Court Nos. 1776730, 1784261

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Trevor Dallas Blankenship pleaded guilty to two misdemeanors—unlawful carrying of a weapon and driving while intoxicated (DWI)—and was placed in the Veterans Treatment Court.[1] *See* Tex. Penal Code §§ 46.02(a-1)(2)(A), 49.04(a), (d). After he was removed from that court's program, the trial court assessed his punishment for each offense at one year's confinement in the Tarrant County Jail. Blankenship appealed.

Blankenship's appointed appellate counsel has filed a motion to withdraw and a brief representing that "no non-frivolous issue may be raised in" these appeals. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet *Anders*'s requirements by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Additionally, in compliance with *Kelly v. State*, counsel provided Blankenship with copies of the brief and the motion to withdraw, as well as a form request for the appellate records. *See* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). He also certified to this court that he informed Blankenship of his right to file a pro se response and to seek further review in the Texas Court of Criminal Appeals should this court agree that the appeals are frivolous.

---

[1]He also pleaded guilty to felony evading arrest or detention with a vehicle. *See Blankenship v. State*, No. 02-25-00225-CR, 2026 WL 179569, at *1 (Tex. App.—Fort Worth Jan. 22, 2026, pet. filed) (mem. op., not designated for publication).

Blankenship did not file a pro se response. The State filed a letter agreeing that the appeals are frivolous, but it declined to file a formal reply.

We have independently examined the appellate records, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the appellate records and counsel's brief, we agree that—but for a few minor errors in the judgments—the appeals are wholly frivolous and without merit.

First, we delete the $100 fine assessed in the judgment in trial court number 1784261, the DWI case, because it was not orally pronounced. *See Gourley v. State*, 710 S.W.3d 368, 379 (Tex. App.—Fort Worth 2025, pet. ref'd).

Second, we delete from each judgment $2 of the "Reimbursement Fees,"[2] which the bills of costs describe as transaction fees. *See* Tex. Code Crim. Proc. art. 102.072 ("An officer listed in Article 103.003 or a community supervision and corrections department may assess an administrative fee for each transaction made by the officer or department relating to the collection of fines, fees, restitution, or other costs imposed by a court."). The bills of costs indicate that no payment had been received by the county clerk's office, and nothing else in the records indicates that the county clerk's office or the community supervision and corrections department had

---

[2]The DWI judgment assesses an additional $15 in reimbursement fees according to Code of Criminal Procedure Article 102.018(a).

processed any transaction. *See Pritchett v. State*, No. 05-23-00367-CR, 2025 WL 2108837, at *7 (Tex. App.—Dallas July 28, 2025, no pet.) (mem. op., not designated for publication). Accordingly, the records do not show a basis for assessing the $2 reimbursement fee in each case.

Third, both judgments impose $270 in court costs. But "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. art. 102.073(a); *Johnson v. State*, Nos. 02-23-00090-CR, 02-23-00091-CR, 02-23-00092-CR, 02-23-00093-CR, 2024 WL 1318238, at *3 (Tex. App.—Fort Worth Mar. 28, 2024, pet. ref'd) (mem. op., not designated for publication). Accordingly, we delete the $270 in court costs from the judgment in trial court cause number 1784261. *See Johnson*, 2024 WL 1318238, at *3 ("[W]hen the convictions are the same category of offense and the costs are all the same, the court costs should be based on the lowest cause number.").[3]

Aside from these minor corrections, our independent review of the records reveals nothing that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d

---

[3]Although when pronouncing Blankenship's sentence, the trial court stated, "It will be the Order of the Court that the cost of the court run with the time that you're being served as well," it is unclear whether the trial court meant that Blankenship's 231 days of time-served credit would apply to the entire amount of costs and fees assessed. Nothing in the judgments indicates that Blankenship would receive cost and fee credit for time served. But although itemizing the costs assessed in the judgments, both bills of costs also show $0.00 for the total amount owed.

824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We grant counsel's motion to withdraw. We modify the judgment in trial court cause number 1784261 to delete the $100 fine, $270 court costs, and $2 of the reimbursement fee. We modify the judgment in trial court cause number 1776730 to delete the $2 reimbursement fee. As modified, we affirm both judgments.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 18, 2026